# EXHIBIT 2

# EXHIBIT 2

# FASKEN

Fasken Martineau DuMoulin LLP
Barristers and Solicitors
Patent and Trade-mark Agents

55 Metcalfe Street, Suite 1300
Ottawa, Ontario  K1P 6L5
Canada

T +1 613 236 3882
 +1 877 609 5685
F +1 613 230 6423

fasken.com

**Peter N. Mantas**

Of the Bars of Ontario and New York
Toronto +1 416 865 4469
Ottawa +1 613 696 6886
pmantas@fasken.com

August 31, 2022

**By Email**

The Honourable Jaye Hooper
Ontario Superior Court of Justice
161 Elgin Street
Ottawa, ON K2P 2K1

Your Honour,

**Re:** *Cash Cloud Inc. v. BitAccess Inc.*, **Court File No. CV-22-89877**

It was brought to my attention late yesterday that the parent company of BitAccess Inc. ("**BitAccess**"), Lux Vending LLC d.b.a. Bitcoin Depot, a company incorporated in Georgia ("**Lux Vending**"), took control yesterday of BitAccess' ability to deactivate the cloud-based software that operates the kiosks of Cash Cloud, Inc. ("**Cash Cloud**"). This was sudden and unexpected.

Lux Vending also informed BitAccess of its intention to deactivate the cloud-based software operating on Cash Cloud's kiosks, on various grounds, including that Cash Cloud still had unresolved cashflow and distribution issues, and had itself disabled the cloud-based software in 1,980 kiosks over the past couple of weeks.

Upon learning of Lux Vending's intention yesterday, Moe Adham, the CEO of BitAccess, vehemently opposed the move. He also brought to their attention the undertaking by BitAccess, given to the court to maintain status quo.

When this was brought to my attention, I counselled unequivocally against deactivation, pending the court's decision on the application. It was only when I received an email from Cash Cloud's counsel last night that I learned that deactivation had occurred.

When the undertaking was given at the court hearing on August 18, 2022, Mr. Adham was in a position to instruct me to provide that undertaking on behalf of the company. At that time, BitAccess alone controlled its operations and the ability to deactivate the cloud-based software on kiosks, and Mr. Adham had the authority to direct BitAccess on this issue and ensure that the undertaking was complied with. The developments that occurred yesterday were unexpected, surprising and unforeseen.

# FASKEN

I notified Thomas Conway, counsel for Cash Cloud, of the above yesterday evening and that I would be writing to Your Honour this morning to advise you of these developments. Although I am in a hearing before the Court of Appeal today, I assured Mr. Conway that this will be receiving my utmost attention. I will also be reaching out to Mr. Conway later today to confer.

The purpose of this letter is to inform Your Honour of these developments, and that under the circumstances, BitAccess is no longer able to fulfil the undertaking for reasons beyond its control.

Yours truly,

**FASKEN MARTINEAU DuMOULIN LLP**

Peter N. Mantas

*Cc : Thomas Conway, Counsel for the Applicant*