HOLLEY DRIGGS
Stacy H. Rubin, Esq. (NV Bar No. 9298)
Email: srubin@nevadafirm.com
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912

CARLTON FIELDS, P.A.
Adam Schwartz (*Pro Hac Vice* Application To Be Filed)
Email: aschwartz@carltonfields.com
John J. Lamoureux  (*Pro Hac Vice* Application To Be Filed)
Email: jlamoureux@carltonfields.com
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida  33607-5780
Telephone: 813.223.7000
Facsimile: 813.229.4133

*Attorneys for Lux Vending, LLC d/b/a Bitcoin Depot*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC., DBA COIN CLOUD,<br><br>Debtor. | Case No. 23-10423-MKN<br>Chapter 11 |
| CASH CLOUD, INC., DBA COIN CLOUD,<br><br>Plaintiff,<br><br>v.<br><br>LUX VENDING, LLC d/b/a BITCOIN DEPOT,<br><br>Defendant. | Adv. No. 23-01015-MKN<br><br>**OPPOSITION TO EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFF'S (1) MOTION FOR TEMPORARY RESTRAINING ORDER; AND (2) MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:  Hon. Mike K. Nakagawa |

Defendant Lux Vending, LLC d/b/a Bitcoin Depot ("Defendant"), by and through counsel Stacy H. Rubin of the law firm Holley Driggs and Adam P. Schwartz and John J. Lamoureux of the law firm Carlton Fields, P.A., hereby opposes Plaintiff Cash Cloud, Inc., dba Coin Cloud's ("Plaintiff") Ex Parte Application for Order Shortening Time for Hearing on Plaintiff's (1) Motion

for Temporary Restraining Order; and (2) Motion for Preliminary Injunction [ECF No. 7][1] (the "Application"), which Application seeks hearings to be set on shortened time for Plaintiff's Motion for Temporary Restraining Order ("Motion for TRO") [ECF No. 5] and Plaintiff's Motion for Preliminary Injunction ("Motion for PI") [ECF No. 6] (together, Motion for TRO and Motion for PI, "Underlying Motions").[2] The Application and Underlying Motions are filed by Plaintiff.

The Application is unwarranted because the Application fails to identify the "good cause" that necessitates hearings on the Underlying Motions be set on shortened time.

## I.    ANALYSIS

### A.    There Is No Cause To Shorten The Time For Hearings On The Underlying Motions

Considering the shortening of time, FRBP 9006(c)(1) provides in pertinent part:

> Except as [in circumstances inapplicable here], when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

FED. R. BANKR. P. 9006(c)(1).

Furthermore, LR 9006 sets forth the procedure for obtaining an order shortening the time for hearings; specifically, every motion for an order shortening time must be accompanied by an affidavit or declaration setting forth "the facts and circumstances as to why cause exists for an expedited hearing . . . ."

Here, however, there is no good cause. Plaintiff alleges "irreparable harm," but has not and cannot identify a single instance of any harm. For example, plaintiff has not identified, anywhere, even one client that Plaintiff has lost based on the alleged conduct of Bitcoin Depot. And Plaintiff's mere speculation of losing clients doesn't qualify as "good cause." *See Kennedy v. Full Tilt Poker*, CV09-07964MMMAGRX, 2010 WL 1709842, at *1 (C.D. Cal. Apr. 26, 2010) (denying an *ex parte* motion to shorten the time and finding that a speculative chain of possibilities

---

[1] All references to "ECF No." are to the numbers assigned to the documents filed in the adversary proceeding identified in the caption above ("Case") as they appear on the docket ("Docket") maintained by the Clerk of the Court of the United States Bankruptcy Court for the District of Nevada.

[2] Defendant reserves its right to oppose the Underlying Motions and will present in due course.

- 2 -

does not establish an impending injury sufficient to constitute good cause to require defendants to respond on an expedited basis).

Furthermore, Plaintiff has not demonstrated that it will succeed on the merits of its claims. Plaintiff generally cites an "unambiguous violation of the automatic stay and tortious interference with contract and demonstrated bad faith by Defendant," but hasn't tied any actual damages to these allegations. And Plaintiff's own actions demonstrate there is no urgency to this matter such that the Court needs to shorten the time to respond. Plaintiff declared bankruptcy on February 7, 2023. Plaintiff waited a month to file an adversary proceeding against Bitcoin Depot on March 10, 2023. But Plaintiff only filed the Motions for TRO and PI and Motion to Shorten Time on the evening of March 21, despite its knowledge that Defendant had contacted Plaintiff's clients as early as February 8, 2023, *see* ECF 5-3. Certainly, if there was such an extreme urgency, Plaintiff would have filed the TRO and Preliminary Injunction motions contemporaneously with filing the adversary proceeding on March 10. As such, "cause" under FRBP 9006(c)(1) has not been shown, and the Application should be denied.

On such a record, Plaintiff has failed to identify sufficient cause warranting a shortening of the time for hearings on the Underlying Motions, and the Application should be denied in its entirety.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    <u>CONCLUSION</u>

For the foregoing reasons Defendant respectfully requests the Court deny the Application in its entirety and thereby deny Plaintiff's request that hearings on the Underlying Motions be set on shortened time.

DATED this 22nd day of March 2023.

**HOLLEY DRIGGS**

 /s/ Stacy H. Rubin
Stacy H. Rubin, Esq.
Nevada Bar No. 9298
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101

CARLTON FIELDS, P.A.
Adam P. Schwartz
(*Pro Hac Vice* Application To Be Filed)
John J. Lamoureux
(*Pro Hac Vice* Application To Be Filed)
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida  33607-5780

*Attorneys for Lux Vending, LLC*
*d/b/a Bitcoin Depot*

- 4 -

15482-01/2913838.docx

**HOLLEY DRIGGS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Holley Driggs and that, on the 22nd day of March 2023, I caused to be served a true and correct copy of OPPOSITION TO EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFF'S (1) MOTION FOR TEMPORARY RESTRAINING ORDER; AND (2) MOTION FOR PRELIMINARY INJUNCTION in the following manner:

☒    (ELECTRONIC SERVICE)    Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐    (UNITED STATES MAIL)    By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐    (OVERNIGHT COURIER)    By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐    (FACSIMILE)    By serving a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those listed on the attached service list, and on the date above written.

 /s/ Olivia Swibies
An employee of Holley Driggs

15482-01/2913838.docx