BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
   jmcpherson@foxrothschild.com
   nkoffroth@foxrothschild.com
   zwilliams@foxrothschild.com

JAMES J. JIMMERSON, ESQ.
Nevada Bar No. 000264
JAMES M. JIMMERSON, ESQ.
Nevada Bar No. 12599
**THE JIMMERSON LAW FIRM, P.C.**
415 South 6th Street, Suite 100
Las Vegas, Nevada 89101
Telephone:    (702) 388-7171
Facsimile:    (702) 380-6413
Email: jimmerson@jimmersonlawfirm.com
   jmj@jimmersonlawfirm.com

*Counsel for Debtor Cash Cloud Inc.*

Electronically Filed March 23, 2023

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD,<br><br>       Plaintiff,<br>v.<br><br>LUX VENDING, LLC d/b/a BITCOIN DEPOT,<br><br>       Defendant. | Adv. Case No. 23-01015-MKN<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFF'S (1) MOTION FOR TEMPORARY RESTRAINING ORDER; AND (2) MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date:  OST PENDING<br>Hearing Time:  OST PENDING |

  Cash Cloud, Inc. d/b/a Coin Cloud ("Cash Cloud," "Plaintiff," or "Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, and The Jimmerson Law Firm, P.C., hereby files this Reply in Support of its Ex Parte Application for Order Shortening Time for Hearing on Plaintiff's (1) Motion for Temporary Restraining Order; and (2) Motion for Preliminary Injunction (the "Reply"). This Reply is based upon the pleadings in this action, the following memorandum of points and authorities, and any arguments made by counsel during any hearing on the Motion.

  Dated this 23rd day of March, 2023.

              **FOX ROTHSCHILD LLP**

              By:  /s/ Brett A. Axelrod
                BRETT A. AXELROD, ESQ.
                Nevada Bar No. 5859
                JEANETTE E. MCPHERSON, ESQ.
                Nevada Bar No. 5423
                NICHOLAS A. KOFFROTH, ESQ.
                Nevada Bar No. 16264
                ZACHARY T. WILLIAMS, ESQ.
                Nevada Bar No. 16023
                1980 Festival Plaza Drive, Suite 700
                Las Vegas, Nevada 89135

              and

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

143955551.1

2

**THE JIMMERSON LAW FIRM, P.C.**

JAMES J. JIMMERSON, ESQ.
Nevada Bar No. 000264
JAMES M. JIMMERSON, ESQ.
Nevada Bar No. 12599
415 South 6th Street, Suite 100
Las Vegas, Nevada 89101

*Counsel for Debtor Cash Cloud Inc.*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

143955551.1

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. GOOD CAUSE EXISTS TO SHORTEN TIME ON THE HEARINGS FOR THE MOTIONS SEEKING INJUNCTIVE RELIEF

This adversary proceeding centers on Defendant Lux Vending, LLC dba Bitcoin Depot's ("Defendant" or "Bitcoin Depot") malfeasance toward Plaintiff Cash Cloud Inc. Cash Cloud is a business that provides the general public the means to buy and sell digital currency (e.g., Bitcoin and other cryptocurrencies) using ATM-style digital currency kiosks. Defendant is a direct competitor of Cash Cloud with similar ATM-style kiosks that it also seeks to place in retail stores for use by consumers.

Defendant has been improperly attempting to take over Cash Cloud's host locations—host locations where Cash Cloud has exclusive rights to operate digital currency kiosks pursuant to various host contracts. Since the bankruptcy petition was filed, Defendant has been contacting Cash Cloud's hosts in an effort to persuade them to switch from Cash Cloud to Defendant. In these communications, Defendant has made several materially false statements concerning Cash Cloud. This effort by Defendant has gotten worse. Less than an hour before the Complaint in this adversary proceeding was filed, Defendant made several blatantly false statements to Cash Cloud's enterprise hosts in an effort to take Cash Cloud's business, including, but not limited to, claims that Cash Cloud (1) was not providing its customers with their purchased cryptocurrency, and (2) intended to stop paying its hosts for its locations. *See* Exhibit 5 to Plaintiff's Motion for Temporary Restraining Order. Such actions not only violate the automatic bankruptcy stay, but are also independently tortious, causing significant and irreparable harm to Cash Cloud. As a result, Cash Cloud filed (1) a Motion for Temporary Restraining Order; and (2) a Motion for Preliminary Injunction (collectively, the "Motions") to enjoin Defendant's improper conduct.[1]

---

[1] Defendant opposes the Application for Order Shortening Time, arguing, in part, "if there was such an extreme urgency, Plaintiff would have filed the TRO and Preliminary Injunction motions contemporaneously with filing the adversary proceeding on March 10." Had Cash Cloud had the clairvoyant knowledge that Defendant was going to send a libelous email to Royal Farms at 1:39 p.m. on March 10, 2023, minutes before the 2:25 p.m. filing of the Complaint that same day, it would have filed a motion for temporary restraining order contemporaneously with the Complaint. But without such information, Cash Cloud filed the Complaint first, followed by the Motions.

143955551.1

Defendant opposes the Application for Order Shortening Time for Hearing on Plaintiff's (1) Motion for Temporary Restraining Order; and (2) Motion for Preliminary Injunction (the "Application"), but it does not deny that it has been making false representations to Cash Cloud's hosts in an effort to take Cash Cloud's locations. And nor can it. Cash Cloud and the Court have the communications. Moreover, Defendant presents no defense or justification for their misrepresentations in the Opposition.

Instead, Defendant asks the Court to deny the Application, arguing that there is no good cause to justify the order shortening time claiming that Plaintiff "hasn't tied any actual damages to these allegations." (Opp. at 3.) Hardly. As articulated in the Complaint and the Motions, the statements made by Defendant have harmed Cash Cloud's reputation and deteriorated its goodwill. Christopher McAlary, Cash Cloud's CEO, attested to the particular harm caused by Defendant's March 10, 2023 misrepresentations in particular, stating that a host who believes Defendant's false statements may switch to Bitcoin Depot fearing (1) a potential dispute with a customer who may not receive the cryptocurrency he/she purchased; (2) a non-responsive kiosk operator; and/or (3) that Cash Cloud would stop making host payments in the near future. *See* Declaration of Christopher McAlary in Support of Plaintiff's Motion for Temporary Restraining Order (Exhibit 7 to the Motion) at ¶ 22. Indeed, the false statement about customers not receiving the digital currency they purchased is particularly harmful to Cash Cloud as it not only puts Cash Cloud's host relationships at risk, but also implicates the goodwill it has built up with its end-users. *Id*. This is precisely the sort of harm that warrants injunctive relief be provided on an expedited basis. *See*, *e.g.*, *Pac. Rollforming, LLC v. Trakloc Int'l, LLC*, No. CIV. 07CV1897, 2007 WL 3333122, at *3 (S.D. Cal. Nov. 7, 2007) (granting application for order shortening time on motion for preliminary injunction).[2] Moreover,

---

[2] Defendant cites to *Kennedy v. Full Tilt Poker*, CV09-07964MMMAGRX, 2010 WL 1709842, at *1 (C.D. Cal. Apr. 26, 2010) in support of its Opposition (Opp. at 2). However, *Kennedy* is utterly inapposite to the present dispute. In *Kennedy*, the court denied issuing an order shortening time to resolve a discovery dispute because sheer speculation about the existence of a grand jury proceeding in another jurisdiction or the timing of any potential indictment resulting therefrom would not be sufficient to warrant a hearing on shortened time. *Id*. ("While plaintiffs contend that they know 'first hand' that a grand jury investigation is under way, they do not identify the source of their knowledge. More fundamentally, it is completely speculative whether an indictment will be returned. The court has no information as to the basis for any possible indictment or whether

143955551.1

Cash Cloud has evidence that since the filing of the bankruptcy petition, Defendant has persuaded at least one host to breach its host contract with Cash Cloud and switch to Defendant. *See* McAlary Decl. at ¶ 25.

That Defendant opposes the Application arguing only that Cash Cloud hasn't been sufficiently damaged yet by Defendant's malfeasance speaks volumes and should cause the Court to view Defendant's entire position with significant skepticism. Defendant is a direct competitor to Cash Cloud and Defendant's actions demonstrate its sinister motive to take its competitor out of the marketplace by any means necessary, without regard to the automatic bankruptcy stay or Cash Cloud's rights and property. Defendant's opposition to hearing the Motions seeking injunctive relief on shortened time is just another part of this improper effort. The Court should find that good cause exists to hear the Motions on shortened time and grant the Application.

Dated this 23rd day of March, 2023.

**FOX ROTHSCHILD LLP**

By:    */sBrett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    JEANETTE E. MCPHERSON, ESQ.
    Nevada Bar No. 5423
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135

and

**THE JIMMERSON LAW FIRM, P.C.**
JAMES J. JIMMERSON, ESQ.
Nevada Bar No. 000264
JAMES M. JIMMERSON, ESQ.
Nevada Bar No. 12599
415 South 6th Street, Suite 100
Las Vegas, Nevada 89101
*Counsel for Debtor Cash Cloud Inc.*

---

it would support a forfeiture claim by the government. Plaintiffs' speculation on these points simply does not constitute good cause to require defendants to respond to document requests on an expedited basis."). Such circumstances do not compare with the clear and present danger caused by Defendant's actions in this case.

143955551.1