BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       jmcpherson@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com

JAMES J. JIMMERSON, ESQ.
Nevada Bar No. 000264
JAMES M. JIMMERSON, ESQ.
Nevada Bar No. 12599
**THE JIMMERSON LAW FIRM, P.C.**
415 South 6th Street, Suite 100
Las Vegas, Nevada 89101
Telephone:   (702) 388-7171
Facsimile:   (702) 380-6413
Email: jimmerson@jimmersonlawfirm.com
       jmj@jimmersonlawfirm.com

*Counsel for Debtor Cash Cloud Inc.*

Electronically Filed May 5, 2023

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>    CASH CLOUD, INC.,<br>       dba COIN CLOUD,<br><br>                                       Debtor. | Case No. BK- 23-10423-mkn<br><br>Chapter 11 |
| CASH CLOUD, INC., dba COIN CLOUD,<br><br>                                       Plaintiff,<br><br>v.<br><br>Lux Vending, LLC d/b/a Bitcoin Depot,<br><br>                                       Defendant. | Adv. Case No. 23-01015-MKN<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

1

145525416.1

Plaintiff and Debtor, Cash Cloud, Inc. d/b/a Coin Cloud ("Cash Cloud," "Plaintiff," or "Debtor"), and Defendant a Lux Vending, LLC d/b/a Bitcoin Depot ("Defendant" or "Bitcoin Depot"), through their respective counsel of record, hereby submit pursuant to Federal Rule of Civil Procedure 26, the parties' Stipulated Discovery Plan and Scheduling Order.

## I. PRIOR PROCEEDINGS

A. Date Of Filing Of Answer By First Answering Defendant:

Defendant has not yet filed an Answer but filed a motion to dismiss on April 13, 2023, which is pending.

B. Date The Fed. R. Civ. P. 26(F) Conference Was Held:

April 21, 2023

## II. DISCOVERY PLAN:

A. Number Of Days Required For Discovery:

**1. Plaintiff's view:**

364

**2. Defendants' view:**

364

B. What Changes, If Any, Should Be Made In Timing, Form Or Requirements For Disclosures Under 26(a):

**1. Plaintiff's view:**

None

**2. Defendant's view:**

None

C. When Initial Disclosures Were Made Or Will Be Made:

Plaintiff's disclosures:        May 5, 2023

Defendant's disclosures:     May 5, 2023

D. Subjects On Which Discovery May Be Needed:

**1. Plaintiff's view:**

The parties' allegations and defenses.

2

1  **2. Defendant's view:**

        The parties' allegations and defenses.

        E.    Should Discovery Be Conducted In Phases Or Limited To Or Focused Upon Particular Issues?

**1. Plaintiff's view:**

Yes. Fact discovery should be segregated from expert discovery. Fact Discovery should close on January 19, 2024. Expert discovery shall close on April 19, 2024.

Additionally, the parties stipulate and agree that discovery will not commence until there is an operative complaint. The parties further stipulate and agree that discovery may be served prior to an operative complaint, but written responses to any discovery served prior to an operative complaint will not be due until either the time provided under the Federal Rules of Civil Procedure or 14 days following an operative complaint, whichever is longer.

Discovery may be served electronically upon Plaintiff, provided that all of the following recipients are included:

James M. Jimmerson: jmj@jimmersonlawfirm.com

James J. Jimmerson: jimmerson@jimmersonlawfirm.com

Andrew Pastor: aap@jimmersonlawfirm.com

Brett Axelrod: baxelrod@foxrothschild.com

**2. Defendant's view:**

Yes. Fact discovery should be segregated from expert discovery. Fact Discovery should close on January 19, 2024. Expert discovery shall close on April 19, 2024.

Additionally, the parties stipulate and agree that discovery will not commence until there is an operative complaint. The parties further stipulate and agree that discovery may be served prior to an operative complaint, but written responses to any discovery served prior to an operative complaint will

3

145525416.1

not be due until either the time provided under the Federal Rules of Civil Procedure or 14 days following an operative complaint, whichever is longer. Discovery may be served electronically upon Defendant, provided that all of the following recipients are included:

Adam Schwartz: aschwartz@carltonfields.com

Erin J. Hoyle: EHoyle@carltonfields.com

Angie Maranto: amaranto@carltonfields.com

John Lamoureux: jlamoureux@carltonfields.com

Stacy Rubin: srubin@nevadafirm.com

Olivia Swibies: oswibies@nevadafirm.com

Should any above-listed service party need to be added or removed because of a change in assignment or staffing, the party's counsel of record will advise all service parties in writing via e-mail.

    F.    State Any Issues About Disclosure Or Discovery Of Electronically Stored Information, Including The Form Or Forms In Which It Should Be Produced.

**1. Plaintiff's view:**

Plaintiff believes that an electronically stored information protocol is appropriate for this case.

**2. Defendant's view:**

Plaintiff believes that an electronically stored information protocol is appropriate for this case.

    G.    State Any Issues About Claims Of Privilege Or Of Protection As Trial-Preparation Materials, Including−If The Parties Agree On A Procedure To Assert These Claims After Production−Whether To Ask The Court To Include Their Agreement In An Order.

**1. Plaintiff's view:**

Plaintiff believes that a stipulated confidentiality protective order is appropriate for this case.

145525416.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**2. Defendant's view:**

   Defendant believes that a stipulated confidentiality protective order is appropriate for this case.

  H. What Changes, If Any, Should Be Made In Limitations On Discovery Imposed Under These Rules And What, If Any, Other Limitations Should Be Imposed?

**1. Plaintiff's view:**

   None.

**2. Defendant's view:**

   None.

  I. What, If Any, Other Orders Should Be Entered By The Court Under Rule 26(C) Or Rule 16(B) And (C)?

**1. Plaintiff's view:**

   None.

**2. Defendant's view:**

### III. NONE. DISCOVERY AND MOTION DATES:

  A. Dates Agreed By The Parties:

| | | |
|---|---|---|
| 1. | Close of fact discovery: | January 19, 2024 |
| 2. | Close of expert/all discovery | April 19, 2024 |
| 3. | Final date to file motions to amend pleadings or add parties (without a further court order): | January 19, 2024 |
| 4. | Final dates for expert disclosures: | |
| | (a) Initial disclosure: | February 16, 2024 |
| | (b) Rebuttal disclosures: | March 19, 2024 |
| 5. | Final date to file dispositive motions: | May 17, 2024 |
| 6. | Joint Pretrial Order: | June 17, 2024 |

  B. If Applicable, Statement Of The Reasons Why Longer Or Different Time Periods Should Apply To The Case Or, In Cases In Which The Parties Disagree As To The Form Or

145525416.1

Contents Of The Discovery Plan, A Statement Of Each Party's Position On Each Point In Dispute:

1. **Plaintiff's view:**

The parties agree that a longer or different period of an additional 180 days is required for the discovery cutoff date, for the following reasons:

    a.    The parties believe that they each will need to take as many as ten depositions from fact witnesses and (perhaps more) and that most if not all the deponents reside out of state and in different states.

    b.    The uncertainty of when the parties will be able to begin the taking of depositions due to the presence of critical witnesses abroad.

2. **Defendant's view:**

    a.    The parties believe the need for international discovery in this matter will necessarily extend the discovery period.

    b.    Further, the parties anticipate significant third-party discovery from persons across the country.

    C.    Alternative Dispute Resolution:

The undersigned certify that they met and conferred about the possibility of using alternative dispute resolution processes. All parties would be open to using alternative dispute resolution processes, including but not limited to, engaging in a settlement conference, at some point in the future if and when sufficient discovery has been taken to intelligently engage in such settlement negotiations.

    D.    Electronic Evidence:

The parties will prepare an ESI protocol within 14 days of an operative complaint.

☒ A jury trial has not been demanded.

///

///

///

145525416.1

| | |
|---|---|
| Dated this 5th day of May, 2023. | Dated this 5th day of May, 2023. |
| **FOX ROTHSCHILD LLP** | **HOLLEY DRIGGS** |
| By:/s/ Brett Axelrod, Esq. | By:/s/ Stacy Rubin |
| Brett Axelrod, Esq.<br>Nevada State Bar No. 5859<br>Fox Rothschild LLP<br>1980 Festival Plaza Dr., Suite 700<br>Las Vegas, NV 89135<br><br>and<br><br>The Jimmerson Law Firm, P.C.<br>James J. Jimmerson, Esq.<br>Nevada State Bar No. 00264<br>James M. Jimmerson, Esq.<br>Nevada State Bar No. 12599<br>415 South Sixth Street, suite 100<br>Las Vegas Nevada, NV 89101<br><br>*Attorney(s) for Plaintiff*<br>*Cash Cloud Inc.* | Stacy H. Rubin, Esq.<br>Nevada State Bar No. 9298<br>Email: srubin@nevadafirm.com<br>300 South Fourth Street, Suite 1600<br>Las Vegas, Nevada 89101<br>Telephone: 702/791-0308<br>Facsimile: 702/791-1912<br><br>and<br><br>Adam P. Schwartz<br>(Admitted Pro Hac Vice)<br>John J. Lamoureux<br>(Admitted Pro Hac Vice)<br>Carlton Fields, P.A.<br>Corporate Center Three at International Plaza<br>4221 W. Boy Scout Boulevard, Suite 1000<br>Tampa, Florida 33607-5780<br>*Attorneys for Defendant Lux Vending, LLC d/b/a Bitcoin Depot* |

145525416.1