_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
November 17, 2023

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. 23-10423-mkn<br><br>Chapter 11 |
| CASH CLOUD, INC., dba COIN CLOUD,<br><br>Plaintiff,<br><br>vs.<br><br>LUX VENDING, LLC, d/b/a/ BITCOIN DEPOT,<br><br>Defendant. | Adv. Proc. No. 23-01015-mkn<br><br>Date: May 24, 2023<br>Time: 9:30 a.m. |

**ORDER ON DEFENDANT LUX VENDING, LLC D/B/A BITCOIN DEPOT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**[1]

On May 24, 2023, the court heard Defendant Lux Vending, LLC d/b/a Bitcoin Depot's Motion to Dismiss Plaintiff's Complaint brought in the above-captioned adversary proceeding.

---

[1] In this Order, all references to "ECF No." are to the number assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the Clerk of Court. All references to "AECF No." are to the number assigned to the documents filed in the above-captioned adversary proceeding as they appear on the docket maintained by the Clerk of Court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure. All references to "Civil Rule" are to the Federal Rules of Civil Procedure. All references to "FRE" are to the Federal Rules of Evidence.

The appearances of counsel were noted on the record. After the hearing, the matter was taken under submission.

## BACKGROUND[2]

On February 7, 2023, Cash Cloud, Inc. dba Coin Cloud ("Debtor") filed a voluntary "skeleton" Chapter 11 petition ("Petition"). (ECF No. 1). No schedules of assets and liabilities ("Schedules") or statement of financial affairs ("SOFA") is attached to the petition. Notice of the Chapter 11 bankruptcy was filed and served, setting a meeting of creditors under Section 341(a) for March 16, 2023 ("341 Meeting"). (ECF No. 2).

On February 8, 2023, Debtor filed a motion to extend to March 9, 2023, the deadline to file its Schedules and SOFA. (ECF No. 3). That motion was noticed to be heard on shortened time for February 10, 2023. (ECF No. 29).

On March 9, 2023, Debtor filed its Schedules and SOFA. (ECF No. 239).

On March 10, 2023, Cash Cloud commenced the above-captioned adversary proceeding ("Cash Cloud Adversary") against defendant Lux Vending, LLC dba Bitcoin Depot ("Lux"). (ECF No. 257). Cash Cloud's complaint ("Adversary Complaint") is styled as nine separate claims: (1) temporary restraining order and preliminary injunctive relief; (2) violation of automatic stay under Section 362(a)(3); (3) violation of Lanham Act under Section 1125; (4) consumer fraud/deceptive trade practices; (5) tortious interference with Contract – Host Agreements; (6) tortious interference with Contract – 2020 Purchase Agreement; (7) intentional tortious interference with prospective business relations; (8) injurious falsehoods; and (9) defamation. (AECF No. 1).[3] Attached to the Adversary Complaint are copies of four exhibits consisting of (1) a Master Purchase Agreement dated September 4, 2015, (2) another Master Purchase Agreement dated January 23, 2020, (3) a Form 8-K dated August 24, 2022, filed with

---

[2] Pursuant to FRE 201(b), the court takes judicial notice of all materials appearing on the docket in the above-captioned adversary proceeding and the above-captioned Bankruptcy Case See Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.), 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

[3] An initial scheduling conference for the Cash Cloud Adversary was set for August 17, 2023. (AECF No. 2).

2

the U.S. Securities and Exchange Commission, and (4) a letter dated August 31, 2022, addressed to the Honourable Jaye Hooper regarding Cash Cloud Inv. v. BitAccess Inc., Court File No. CV-22-89877.

On March 16, 2023, the 341 Meeting was concluded.

On March 21, 2023, Cash Cloud filed a Motion for Temporary Restraining Order ("TRO Motion") as well as a Motion for Preliminary Injunction ("Injunction Motion"), along with a request to have both motions heard on shortened time, to which are attached separate documents marked as exhibits 1 through 7.[4]  (AECF Nos. 5 and 6).

On March 31, 2023, an order was entered allowing the TRO Motion and Injunction Motion to be heard on April 20, 2023.  (AECF No. 13).

On April 12, 2023, Lux filed opposition to both the TRO Motion and the Injunction Motion ("Lux TRO Opposition"), along with the Omnibus Declaration of Scott Buchanan as well as Request for Judicial Notice ("RJN").  (AECF Nos. 27-30).  Attached to the RJN as Exhibit A is a copy of a decision entered on October 4, 2022, by the Superior Court of Justice, Ontario Province, Canada ("Ontario Court") in Cash Cloud Inc. v. BitAccess Inc., assigned Case File No. CV-22-89887 ("Canada Decision").[5]

On April 13, 2023, Lux filed the instant motion to dismiss the Cash Cloud Adversary

---

[4] Copies of the same seven exhibits are attached to the TRO Motion and the Injunction Motion.  They consist of: (1) a Kiosk Site Location Agreement with Lux dated 3-9-21; (2) a letter from Fasken to the Honorable Jaye Hooper dated August 31, 2022; (3) an email exchange between Frank Schilling and Landon Thomas dated February 8, 2023; (4) a forwarded email from MT to Chris McAlary regarding an email sent from Todd Umstott to MT dated February 22, 2023; (5) a forwarded email from Raymond Taddeo to Michael Tomlinson dated March 10, 2023, involving an email exchange between Frank Schilling and Landon Thomas, regarding "Bitcoin ATM Industry Shake-up-CoinCloud Bankruptcy"; (6) a forwarded email from MT to Chris McAlary dated March 10, 2023, involving an email exchange between Norm Neike and MT, regarding an email exchange between March Smith and Sarah Wessel, regarding "Bit Coin Depot at Cub"; and (7) a Declaration of Christopher McAlary in Support of Plaintiff's Motion for Temporary Restraining Order.

[5] The Canadian Decision is not one of the four exhibits attached to the Adversary Complaint, although it appears to be the subject of the letter attached as Exhibit 4 to the Adversary Complaint.

3

Complaint ("Dismissal Motion"), which was noticed to be heard on May 17, 2023.  (AECF Nos. 31 and 32).

On April 17, 2023, Cash Cloud filed a reply in support of its TRO Motion and Injunction Motion.  (AECF Nos. 38 and 39).

On April 20, 2023, both the TRO Motion and the Injunction Motion were taken under submission.

On May 3, 2023, Cash Cloud filed a response to the instant Dismissal Motion.  (AECF No. 42).

On May 5, 2023, a Stipulated Discovery Plan and Scheduling Order was filed.  (AECF No. 43).

On May 10, 2023, Lux filed a reply ("Reply") in support of its Dismissal Motion.  (AECF No. 45).

On May 17, 2023, the hearing on the Dismissal Motion was continued to May 24, 2023.

On May 24, 2023, the Dismissal Motion was heard and taken under submission.

## APPLICABLE LEGAL STANDARDS

The instant Dismissal Motion is brought under Civil Rule 12(b)(6).  Under Civil Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim for which relief may be granted." FED.R.CIV.P. 12(b)(6).  The standard for dismissing a claim under this rule is whether the complaint alleges sufficient factual matter to 'state a claim to relief that is plausible on its face.'  Curb Mobility, LLC v. Kaptyn, Inc., 434 F. Supp.3d 854, 858 (D. Nev. 2020), quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In considering a motion under Civil Rule 12(b)(6), the court accepts as true all factual allegations made by, and draws all reasonable inferences in favor of, the nonmoving party.  See Heimrich v. Dep't of the Army, 947 F.3d 574, 577 (9th Cir. 2020) (external citation omitted); see also In re QDOS, Inc., 607 B.R. 338, 345 (B.A.P. 9th Cir. 2019), appeal dismissed, 830 Fed. Appx. 248 (9th Cir. 2020).  Dismissal is appropriate if there is "a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Taylor v. Bosco Credit LLC, 2020 WL 7663436, at *1 (9th Cir. Dec. 24, 2020) (external citation omitted) (internal quotations omitted).

1       This pleading standard applies to "all civil actions." Petersen v. Nevada ex rel. Nevada
2 Dep't of Corr., 2021 WL 278048, at *3 (D. Nev. Jan. 26, 2021), quoting Ashcroft v. Iqbal, 556
3 U.S. at 684. Civil Rule 12, which is incorporated by Bankruptcy Rule 7012, applies in
4 bankruptcy proceedings.[6] Where an amendment to a complaint would be futile, dismissal
5 without leave to amend may be appropriate. See Ramachandran v. Best & Krieger, 2021 WL
6 428654, at *4 (N.D. Cal. Feb. 8, 2021). Amendment is futile when it is clear that amendment
7 would not remedy the complaint's fatal deficiencies. Id.

## DISCUSSION

9       The Adversary Complaint consists of 163 paragraphs, of which Paragraphs 1 through 89
10 are common allegations that are incorporated by reference into each of the nine Claims that
11 follow. The Adversary Complaint is framed as nine separate claims: (1) temporary restraining
12 order and preliminary injunctive relief; (2) violation of automatic stay under Section 362(a)(3);
13 (3) violation of Lanham Act under Section 1125; (4) consumer fraud/deceptive trade practices;
14 (5) tortious interference with Contract – Host Agreements; (6) tortious interference with Contract
15 – 2020 Purchase Agreement; (7) intentional tortious interference with prospective business
16 relations; (8) injurious falsehoods; and (9) defamation. Of the items framed by the Adversary
17 Complaint, Claim (1) encompasses an interim remedy based on success on the merits of Claim
18 (2) and Claim (3). Claim (2) is based on an alleged violation of the automatic stay. Claim (3) is
19 based on an alleged violation of the federal Lanham Act. Claims (4) through (9) are based on
20 alleged violations of Nevada law. The prayer of the Amended Complaint seeks interim
21 injunctive relief under Claim (1) and recovery of damages under Claims (2) through (9).
22       Lux seeks to dismiss the Adversary Complaint under Civil Rule 12(b)(6) for failure to
23 state a claim for which relief may be granted. It maintains that complaint fails the general

---

[6] As in all federal civil actions – bankruptcy or non-bankruptcy – a motion under Civil Rule 12(b)(6) that presents and considers matters outside of the pleadings must be treated as a summary judgment motion governed by Civil Rule 56. See FED.R.CIV.P. 12(d). In its Dismissal Motion, Lux references the Canada Decision that was not attached to the Adversary Complaint but which was offered through its RJN accompanying the Lux TRO Opposition. See Dismissal Motion at 14:18-24 & n.5, and 15:7-18. Reference to the Canada Decision is not sufficient to warrant treatment of this matter under summary judgment standards.

pleading requirement of a short and plain statement under Civil Rule 8(a)(2)[7] as well as the specificity requirement for pleading fraud under Civil Rule 9(b).[8] Lux concludes that the action therefore is subject to dismissal under Civil Rule 12(b)(6) for failure to state a claim for which relief may be granted. Not unexpectedly, Cash Cloud responds that the nine claims framed by its Adversary Complaint are sufficiently pled, or that leave to amend should be granted to address any deficiencies. Equally unexpected, Lux reiterates in its Reply that the factual allegations are insufficient. Lux does not suggest, however, that any pleading deficiencies cannot be addressed by amendment.

The court, having considered the written and oral arguments of counsel, as well as allegations of the Adversary Complaint and its attachments, concludes that the Dismissal Motion should be granted in part and denied in part.

As an initial matter, Lux asserts that dismissal of the Cash Cloud Adversary is warranted because Cash Cloud does not identify which of the allegations contained in Paragraph 1 through 89 are relevant to the relief requested in Claims (1) through (9). Lux argues that this form of "shotgun" pleading does not provide a short and plain statement that Cash Cloud is entitled to relief under any of the specific theories suggested. The objection, of course, does not address whether the allegations incorporated into each of the alleged claims are sufficient, if true, to state a plausible basis for relief. Thus, characterization of the Amended Complaint as a so-called shotgun pleading is insufficient to warrant dismissal. As to the balance of the arguments, the court determines as follows.

First, the temporary restraining order or preliminary injunction sought under Claim (1) by their terms are not a separate claim for relief at all. Lux correctly observes that an interim injunction is simply a provisional remedy imposed by a court based on a preliminary assessment of the merits of a separate and appropriate claim for relief. In this instance, Claim (1) is based

---

[7] "A pleading that state a claim for relief must contain…a short and plain statement of the claim that the pleader is entitled to relief…" FED.R.CIV.P. 8(a)(2).

[8] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED.R.CIV.P 9(b).

6

entirely on the merits of Cash Cloud's allegations under Claim (2) asserting a violation of the automatic stay as well as under Claim (3) asserting a violation of the Lanham Act.  Only if Cash Cloud meets its burden of sufficiently demonstrating the likely merits of such claims would it be entitled to interim injunctive relief.  As a matter of law, however, Claim (1) does not state an independent claim for relief at all.

Second, the automatic stay under Section 362(a) that arose upon the commencement of the Debtor's bankruptcy proceeding bars, *inter alia*, "any act to <u>obtain possession</u> of property of the estate or of property from the estate or to <u>exercise control</u> over property of the estate."  11 U.S.C. § 362(a)(3).  (Emphasis added.)  Cash Cloud alleges in Claim (2) that Lux attempted before bankruptcy and is attempting after bankruptcy to have its competing products displayed at "host" locations that currently display Debtor's products pursuant to various executory contracts.  While Cash Cloud is understandably concerned that its prepetition hosts may be violating the exclusivity provisions of their executory contracts with the Debtor, the allegations are insufficient to establish how Lux is attempting to take possession of any property of the estate, or, to exercise control over property of the estate.  No authority is offered that the commencement of a Chapter 11 proceeding bars third parties from conduct in competition with a reorganizing debtor.  Whether any such conduct gives rise to other claims for relief is immaterial.

Third, the Lanham Act provides that when a defendant "uses in commerce any...false or misleading representation of fact, which…is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another  person..., [defendant] shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."  15 U.S.C. §1125(a).  Claim (3) of the Adversary Complaint is framed as a Lanham Act violation and apparently is based primarily on Paragraphs 79 through 88 that allege a variety of false and misleading statements attributable to Lux.  Those allegations are sufficient to state a plausible claim.

Finally, the remaining claims under Nevada law are based on facts alleged in Paragraphs 7 through 14 of the Adversary Complaint, as well as Paragraphs 18 through 78.  Certain of the

facts alleged in Paragraphs 79 through 88 apparently are included as well.  While the failure to specify particular paragraphs is not the model of good pleading, the inquiry is whether there may be a plausible basis for the claims alleged.  For purposes of the instant motion, the factual allegations contained in those paragraphs are accepted as true and all reasonable inferences must be drawn in favor of Cash Cloud.  Under this prism, claims for relief under Nevada law based on consumer fraud or deceptive trade practices under Claim (4), tortious interference with Debtor's contracts with its hosts under Claim (5), tortious interference with or perhaps breach of the agreement to purchase products (including software licensing) under Claim (6), intentional interference with prospective business relations under Claim (7), publication of false statements causing injury under Claim (8) and post-bankruptcy defamation under Claim (9) are pled sufficiently under Civil Rule 8(a)(2) and Civil Rule 9(b) to proceed.  Whether discovery will reveal evidence sufficient to meet Cash Cloud's burden of proving the facts essential to those claims, however, is unknown.

**IT IS THEREFORE ORDERED** that Defendant Lux Vending, LLC d/b/a Bitcoin Depot's Motion to Dismiss Plaintiff's Complaint, Adversary Docket No. 31, be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the subject motion is **GRANTED** with respect to the First Claim for Relief without prejudice to the Plaintiff otherwise seeking entry of a temporary restraining order in the above-captioned adversary proceeding.

**IT IS FURTHER ORDERED** that the subject motion is **GRANTED** with respect to the Second Claim for Relief without prejudice to the Plaintiff otherwise seeking enforcement of the automatic stay under 11 U.S.C. § 362(a) with respect to the Defendant in this bankruptcy proceeding.

**IT IS FURTHER ORDERED** that the subject motion is **DENIED** with respect to the remaining claims for relief set forth in the Adversary Complaint.

**IT IS FURTHER ORDERED** that Defendant's response to the Adversary Complaint is due no later than 14 days after entry of this Order.

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:

JAMES M. JIMMERSON
THE JIMMERSON LAW FIRM, P.C.
415 SOUTH 6TH STREET, SUITE 100
LAS VEGAS, NV 89101

JOHN J. LAMOUREUX
CARLTON FIELDS, P.A.
4221 W. BOY SCOUT BLVD., STE. 1000
TAMPA, FL 33607

# # #