United States Bankruptcy Court
District of Nevada

CASH CLOUD, INC., DBA COIN CLOUD,,
    Plaintiff                                                     Adv. Proc. No. 23-01015-mkn
LUX VENDING, LLC d/b/a BITCOIN DEPOT,
    Defendant

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Nov 17, 2023 | Form ID: pdf928 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 19, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | JAMES M. JIMMERSON, THE JIMMERSON LAW FIRM, P.C., 415 SOUTH 6TH STREET, SUITE 100, LAS VEGAS, NV 89101-6937 |
| aty | + | JOHN J. LAMOUREUX, CARLTON FIELDS, P.A., 4221 W. BOY SCOUT BLVD., STE. 1000, TAMPA, FL 33607-5780 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 19, 2023                               Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 17, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ADAM P. SCHWARTZ | on behalf of Defendant LUX VENDING  LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com |
| BRETT A. AXELROD | on behalf of Plaintiff CASH CLOUD  INC., DBA COIN CLOUD, baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com |
| STACY H RUBIN | on behalf of Defendant LUX VENDING  LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com, oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com |
| STRETTO | |

District/off: 0978-2 | User: admin | Page 2 of 2
Date Rcvd: Nov 17, 2023 | Form ID: pdf928 | Total Noticed: 2

ecf@cases-cr.stretto-services.com aw01@ecfcbis.com,pacerpleadings@stretto.com

TOTAL: 4

_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
November 17, 2023

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| In re: | Case No. 23-10423-mkn |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | |
| CASH CLOUD, INC., dba COIN CLOUD, | Adv. Proc. No. 23-01015-mkn |
| Plaintiff, | |
| vs. | Date: April 20, 2023<br>Time: 10:30 a.m. |
| LUX VENDING, LLC, d/b/a/ BITCOIN DEPOT, | |
| Defendant. | |

**ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**[1]

On April 20, 2023, the court heard Plaintiff's Motion for Temporary Restraining Order as well as Plaintiff's Motion for Preliminary Injunction brought in the above-captioned adversary

---

[1] In this Order, all references to "ECF No." are to the number assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the Clerk of Court. All references to "AECF No." are to the number assigned to the documents filed in the above-captioned adversary proceeding as they appear on the docket maintained by the Clerk of Court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. All references to "FRE" are to the Federal Rules of Evidence.

proceeding. The appearances of counsel were noted on the record. After the hearing, the matter was taken under submission.

**BACKGROUND**[2]

On February 7, 2023, Cash Cloud, Inc. dba Coin Cloud ("Debtor") filed a voluntary "skeleton" Chapter 11 petition ("Petition"). (ECF No. 1). The Petition is signed by Chris McAlary ("McAlary") as President. An "ACTION BY WRITTEN CONSENT OF THE DIRECTORS" also is attached to the Petition and signed by McAlary as Director. No schedules of assets and liabilities ("Schedules") or statement of financial affairs ("SOFA") is attached to the petition. Notice of the Chapter 11 bankruptcy was filed and served, setting a meeting of creditors under Section 341(a) for March 16, 2023 ("341 Meeting"). (ECF No. 2).

On February 8, 2023, Debtor filed a motion to extend to March 9, 2023, the deadline to file its Schedules and SOFA. (ECF No. 3). That motion was noticed to be heard on shortened time for February 10, 2023. (ECF No. 29).

On March 9, 2023, Debtor filed its Schedules and SOFA. (ECF No. 239).

On March 10, 2023, Cash Cloud commenced the above-captioned adversary proceeding ("Cash Cloud Adversary") against defendant Lux Vending, LLC dba Bitcoin Depot ("Lux"). (ECF No. 257). Cash Cloud's complaint ("Adversary Complaint") is styled as nine separate claims: (1) temporary restraining order and preliminary injunctive relief; (2) violation of automatic stay under Section 362(a)(3); (3) violation of Lanham Act under Section 1125; (4) consumer fraud/deceptive trade practices; (5) tortious interference with Contract – Host Agreements; (6) tortious interference with Contract – 2020 Purchase Agreement; (7) intentional tortious interference with prospective business relations; (8) injurious falsehoods; and (9) defamation. (AECF No. 1). Attached to the Adversary Complaint are copies of four exhibits consisting of (1) a Master Purchase Agreement dated September 4, 2015, (2) another Master

---

[2] Pursuant to FRE 201(b), the court takes judicial notice of all materials appearing on the docket in the above-captioned adversary proceeding and the above-captioned Bankruptcy Case See Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.), 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

Purchase Agreement dated January 23, 2020, (3) a Form 8-K dated August 24, 2022, filed with the U.S. Securities and Exchange Commission, and (4) a letter dated August 31, 2022, addressed to the Honourable Jaye Hooper regarding Cash Cloud Inv. v. BitAccess Inc., Court File No. CV-22-89877.

On March 16, 2023, the 341 Meeting was concluded.

On March 21, 2023, Cash Cloud filed the instant Motion for Temporary Restraining Order ("TRO Motion") as well as a Motion for Preliminary Injunction ("Injunction Motion"), along with a request to have both motions heard on shortened time, to which are attached separate documents marked as exhibits 1 through 7.[3]  (AECF Nos. 5 and 6).

On March 31, 2023, an order was entered allowing the TRO Motion and Injunction Motion to be heard on April 20, 2023.  (AECF No. 13).

On April 12, 2023, Lux filed opposition to both the TRO Motion and the Injunction Motion ("TRO Opposition" and "Injunction Opposition"), along with the Omnibus Declaration of Scott Buchanan ("Buchanan Declaration") as well as a Request for Judicial Notice ("RJN"). (AECF Nos. 27-30).  Attached to the RJN as Exhibit A is a copy of a decision entered on October 4, 2022, by the Superior Court of Justice, Ontario Province, Canada ("Ontario Court") in Cash Cloud Inc. v. BitAccess Inc., assigned Case File No. CV-22-89887 ("Canada Decision").[4]

On April 13, 2023, Lux filed a motion to dismiss the Cash Cloud Adversary Complaint

---

[3] Copies of the same seven exhibits are attached to the TRO Motion and the Injunction Motion.  They consist of: (1) a Kiosk Site Location Agreement with Lux dated 3-9-21; (2) a letter from Fasken to the Honorable Jaye Hooper dated August 31, 2022; (3) an email exchange between Frank Schilling and Landon Thomas dated February 8, 2023; (4) a forwarded email from MT to Chris McAlary regarding an email sent from Todd Umstott to MT dated February 22, 2023; (5) a forwarded email from Raymond Taddeo to Michael Tomlinson dated March 10, 2023, involving an email exchange between Frank Schilling and Landon Thomas, regarding "Bitcoin ATM Industry Shake-up-CoinCloud Bankruptcy"; (6) a forwarded email from MT to Chris McAlary dated March 10, 2023, involving an email exchange between Norm Neike and MT, regarding an email exchange between March Smith and Sarah Wessel, regarding "Bit Coin Depot at Cub"; and (7) a Declaration of Christopher McAlary in Support of Plaintiff's Motion for Temporary Restraining Order ("McAlary Declaration").

[4] The Canadian Decision is not one of the four exhibits attached to the Adversary Complaint, although it appears to be the subject of the letter attached as Exhibit 4 to the Adversary Complaint.

3

which was noticed to be heard on May 17, 2023.  (AECF Nos. 31 and 32).

On April 17, 2023, Cash Cloud filed a reply in support of its TRO Motion ("TRO Reply") and Injunction Motion ("Injunction Reply").  (AECF Nos. 38 and 39).

On April 20, 2023, both the TRO Motion and the Injunction Motion were heard and taken under submission.

## APPLICABLE LEGAL STANDARDS

The legal standard for a temporary restraining order ("TRO") is substantially identical to the standard for a preliminary injunction.  See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001); Oregon Firearms Federation, Inc. v. Brown, 2022 WL 17454829, at * 6 (D. Ore. Dec. 6, 2022).  The standard for preliminary injunctive relief in this circuit recently was described as follows:

> A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.' " Fraihat v. U.S. Immigr. and Customs Enf't, 16 F.4th 613, 635 (9th Cir. 2021) (quoting Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal citations omitted)). The Supreme Court has explained that to obtain an injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). The Ninth Circuit uses a " 'sliding scale' approach to preliminary injunctions." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Under that approach, " 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Fraihat, 16 F.4th at 636 (quoting All. for the Wild Rockies, 632 F.3d at 1135) (cleaned up).

Barren v. Dzurenda, 2023 WL 36180, at *1 (D. Nev. Jan. 3, 2023) (Silva, J.).  See also Fallon Paiute-Shoshone Tribe v. U.S. Department of the Interior, 2022 WL 3031583, at *2 (9th Cir. Aug. 1, 2022).

Where a moving party seeks mandatory injunctive relief that alters the status quo, a higher burden must be met.  As also was recently described:

> An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that

4

although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984); see also Committee of Cent. American Refugees v. Immigration & Naturalization Service, 795 F.2d 1434, 1442 (9th Cir. 1986). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (quoting Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1979)).

Iden v. Nurse Stark, 2022 WL 18231858, at *3 (D. Nev. Nov. 3, 2022) (Baldwin, MJ).

## DISCUSSION

In its First Claim for Relief, Cash Cloud seeks a temporary restraining order and preliminary injunctive relief based on conduct in violation of the automatic stay and infringement of its federally registered trademark. See Adversary Complaint at ¶¶ 92 and 93. Based on the alleged conduct, the First Claim for Relief seeks an interim order enjoining Lux from "(1) continuing any further contact with existing Cash Cloud Kiosk hosts; (2) entering into any contracts with existing Cash Cloud kiosk hosts; and (3) infringing or otherwise using Cash Cloud's trademark in a misleading fashion to redirect online traffic from Cash Cloud's website to Defendant's website." Id. at ¶ 95. In the TRO Motion, however, Cash Cloud requests a temporary restraining order "to enjoin Defendant from violating the automatic stay by soliciting Cash Cloud's hosts (through the use of false statements or otherwise)." See TRO Motion at 16:3-4.[5] Likewise, in the Injunction Motion, Cash Cloud similarly requests a preliminary injunction "to enjoin Defendant from violating the automatic stay by soliciting Cash Cloud's hosts (through the use of false statements or otherwise)." See Injunction Motion at 15:17-18.[6] On its face, the First Claim for Relief addresses alleged conduct that exceeds the limited relief sought by the TRO Motion and the Injunction Motion. The alleged violation of the automatic stay is asserted

---

[5] The same language of the proposed TRO is repeated in Cash Cloud's reply. See TRO Reply at 15:3-4.

[6] The same language of the proposed preliminary injunction is repeated in Cash Cloud's reply. See Injunction Reply at 14:14-15.

5

1  separately in the Second Claim for Relief.  Neither the language of the Adversary Complaint nor
2  the instant motions seek mandatory injunctive relief.
3        Cash Cloud alleges in the Second Claim for Relief that Lux attempted before this Chapter
4  11 was filed on February 7, 2023, to have its competing products displayed at "host" locations
5  that currently display Debtor's products pursuant to various executory contracts.  See Adversary
6  Complaint at ¶¶ 57, 58, 65, 69, and 72.  It asserts that the alleged conduct continued after the
7  Chapter 11 petition was filed.  Id. at ¶¶ 79-82.  Under Cash Cloud's alleged theory, it is the
8  continuation of the alleged conduct that constitutes the alleged automatic stay violation.  More
9  important, it is the alleged automatic stay violation that provides the only basis for entry of the
10 interim injunctive relief sought by the instant motions.
11       The only evidence on which the instant motions are brought consists of the seven
12 common exhibits attached to each of the motions, one of which is the McAlary Declaration.  The
13 other six exhibits, see note 3, supra, consist of documents, correspondence, or email
14 communications, none of which are originated by McAlary and none of which contain
15 statements made by McAlary.  The only evidence offered by Lux in opposition to the instant
16 motions is the Buchanan Declaration.
17       Having considered the basis for the relief requested, along with declarations and exhibits
18 in the record, plus the written and oral arguments of counsel, the court concludes that the TRO
19 Motion and Injunction Motion must be denied.
20       First, Cash Cloud has failed to make a clear showing that it is likely to succeed on the
21 merits of its claim that Lux is violating the automatic stay.  While Cash Cloud is understandably
22 concerned that its prepetition hosts may be violating the exclusivity provisions of their executory
23 contracts with the Debtor, the allegations are insufficient to establish how Lux is attempting to
24 take possession of any property of the estate, or, to exercise control over property of the estate.
25 No authority is offered establishing that filing a Chapter 11 petition bars the competitors of a
26 debtor in possession from continuing to engage in competition with a reorganizing debtor.
27 Whether any such conduct gives rise to other bases for relief may be relevant but not material.
28       Second, the McAlary Declaration is substantially, if not fatally, flawed.  In its response,

Lux objected to the testimony of McAlary on multiple grounds, including hearsay under FRE 802, lack of foundation and personal knowledge under FRE 602, and lack of proper authentication under FRE 901 of the other exhibits attached to the instant motions. See Lux TRO Opposition at 2 n.3 and Injunction Opposition at 2 n.3.[7] Cash Cloud provided identical responses to the evidentiary objections, see TRO Reply at 13:19 to 14:14 and Injunction Reply at 13:8 to 14:3, but the responses themselves also assert facts for which McAlary does not provide a basis of personal knowledge. Cash Cloud also suggests that interim injunctive relief may be based on testimony that otherwise would not be admissible, see TRO Reply at 14:14-22 and Injunction Reply at 14:3-11, but Cash Cloud suggests no reason why McAlary's testimony is entitled to greater weight than that of Lux's chief operating officer. See Buchanan Declaration at ¶ 6 ("Contrary to Cash Cloud's representations, since February 7, 2023, Bitcoin Depot has not converted a single Cash Cloud host to switch from Cash Cloud to Bitcoin Depot."). Obviously, Buchanan's response suggests only that Lux's postpetition efforts to attract Cash Cloud's hosts have not been successful, and not that the efforts have not been made. The response is, however, sufficient to overcome the minimal weight that might be ascribed to McAlary's testimony.

      Third, Cash Cloud has failed to make a clear showing that it is likely to suffer an irreparable injury. To establish the likelihood of irreparable injury, the moving party must demonstrate that there is a causal connection between the alleged injury and the purported wrongdoing. See Nat'l Wildlife Fed. v. Nat'l Marine Fisheries Serv., 886 F.3d 803, 819 (9th Cir. 2018); Bonanza Beverage Co. v. MillerCoors, LLC, 2018 WL 6729776, at *8 (D. Nev. Dec. 21, 2018); see also Oracle USA Inc. v. Rimini Street, Inc., 783 Fed.Appx. 707, 710 (9th Cir. 2019).

---

[7] For example, McAlary testifies as to the actual knowledge of Lux, see McAlary Declaration at ¶ 10, but offers no basis for that conclusion. He also testifies that Lux entered into the Kiosk Site Location Agreement attached as Exhibit 1 to the motions, but offers no basis to establish the authenticity of the exhibit or whether the copy is retained as a business record of Cash Cloud. Id. at ¶. 12. McAlary attests that Lux engaged in unfair and deceptive trade practices for years, see id. at ¶ 14, but offers no factual testimony on personal knowledge. He offers a visual depiction of online advertising conducted by Lux, see id. at ¶ 15, but offers no testimony to provide a foundation for admission of the depiction. Many of the remaining paragraphs of the McAlary Declaration contain similar deficiencies that might have been addressed by a supplemental declaration or affidavit from McAlary. No supplement was submitted or offered.

In this instance, the wrongdoing alleged in the Second Claim for Relief consists of conduct by Lux that, if true, is not a violation of the automatic stay. But even if it is a violation of the automatic stay, Cash Cloud has failed to demonstrate that irreparable injury is occurring. Even if McAlary's testimony is credited, there is no testimony or evidence from any of Cash Cloud's hosts that the alleged wrongdoing has resulted in any of the injury that Cash Cloud predicts. Buchanan expressly testified that none of Cash Cloud's hosts have switched to Lux, and none of Cash Cloud's hosts contradict that testimony. Moreover, none of Cash Cloud's hosts attest that the postpetition conduct of Lux has or is likely to impact the existing exclusivity agreements that they have with the Debtor. In essence, there is no evidence of a causal connection between the purported automatic stay violation and any irreparable injury.

Fourth, Cash Cloud has failed to make a clear showing that the balance of equities tips in its favor. Like any Chapter 11 debtor in possession, Cash Cloud enjoys the protection of the automatic stay described in Section 362(a), while it attempts to fashion a Chapter 11 plan that satisfies the requirements of Section 1129. At the same time, Cash Cloud generally must comply with the applicable requirements of state law. 28 U.S.C. § 959(b). Lux also presumably does the latter, while otherwise complying with the terms of the automatic stay. For the reasons already discussed, Cash Cloud has provided insufficient evidence that the automatic stay has been or continues to be violated. Given the premise of its current motions, Cash Cloud must do more to tip the balance in its favor. It has not done so.

Fifth, Cash Cloud has failed to demonstrate that an interim injunction is appropriate under the sliding scale approach. Even if there are serious questions raised as to the applicability of the automatic stay and the continuing conduct of Lux, Cash Cloud has failed to make a clear showing that the balance of hardships tips sharply in its favor. And even if Cash Cloud made such a showing, it still has failed to make a showing of a likelihood of irreparable injury. Thus, under the sliding scale alternative, interim injunctive relief also is unwarranted.

Finally, Cash Cloud has not demonstrated that an interim injunction would be in the public interest under the traditional test for injunctive relief, nor under the sliding scale test. The public interest consideration may have substantial or even controlling significance in a variety of

1 circumstances, see, e.g., Winter v. Nat. Res. Def. Council, 555 U.S. at 32 (naval submarine
2 exercises as part of national defense), but no comparable interest arises in this case. While there
3 is always a public interest in the enforcement of laws applicable to private conduct, that interest
4 is not alone sufficient to warrant interim injunctive relief.

5      For these reasons, the court concludes that Cash Cloud has failed to meet its burden of
6 proof and burden of persuasion.

7      **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Temporary Restraining
8 Order, Adversary Docket No. 5, be, and the same hereby is, **DENIED.**

9      **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction,
10 Adversary Docket No. 6, be, and the same hereby is, **DENIED**.

12 Copies sent via CM/ECF ELECTRONIC FILING

13
14 Copies sent via BNC to:
JAMES M. JIMMERSON
THE JIMMERSON LAW FIRM, P.C.
15 415 SOUTH 6TH STREET, SUITE 100
16 LAS VEGAS, NV 89101

17 JOHN J. LAMOUREUX
CARLTON FIELDS, P.A.
18 4221 W. BOY SCOUT BLVD., STE. 1000
19 TAMPA, FL 33607

20                               # # #