CARLTON FIELDS, P.A.
Adam Schwartz, Esq. (Admitted *Pro Hac Vice*)
Email: aschwartz@carltonfields.com
John J. Lamoureux, Esq. (Admitted *Pro Hac Vice*)
Email: jlamoureux@carltonfields.com
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607-5780
Telephone: 813.223.7000
Facsimile: 813.229.4133

HOLLEY DRIGGS
Stacy H. Rubin, Esq. (NV Bar No. 9298)
Email: srubin@nevadafirm.com
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912

*Attorneys for Lux Vending, LLC d/b/a Bitcoin Depot*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC., DBA COIN CLOUD,<br><br>Debtor. | Case No. 23-10423-MKN<br>Chapter 11 |
| CASH CLOUD, INC., DBA COIN CLOUD,<br><br>Plaintiff,<br><br>v.<br><br>LUX VENDING, LLC d/b/a BITCOIN DEPOT,<br><br>Defendant. | Adv. No. 23-01015-MKN<br><br>DEFENDANT LUX VENDING, LLC D/B/A BITCOIN DEPOT'S ANSWER AND AFFIRMATIVE DEFENSES<br><br>Status Hearing:    December 13, 2023<br>Time of Hearing:    9:30 a.m.<br><br>Judge: Hon. Mike K. Nakagawa |

Defendant Lux Vending, LLC d/b/a Bitcoin Depot[1] ("Bitcoin Depot"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses.

---

[1] As of June 29, 2023, Lux Vending LLC merged into Bitcoin Depot Operating LLC, a Delaware limited liability company, with the surviving entity named Bitcoin Depot Operating LLC d/b/a Bitcoin Depot.

**JURISDICTION AND VENUE[2]**

1.     Admitted that jurisdiction has been alleged.

2.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies the same.

3.     Bitcoin Depot admits that venue is proper in this Court.

4.     Admitted.

5.     The allegations set forth in Paragraph 5 are not factual allegations to which a response is required. To the extent that allegations set forth in Paragraph 5 are construed as factual allegations to which a response is required, the factual allegations are denied.

6.     The allegations set forth in Paragraph 6 are not factual allegations to which a response is required. To the extent that allegations set forth in Paragraph 6 are construed as factual allegations to which a response is required, the factual allegations are denied.

**PARTIES**

7.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

9.     Denied that Bitcoin Depot is a Georgia limited liability company located at the addresses enumerated in Paragraph 9.[3]

10.     BitAccess is a controlled Canadian subsidiary of Bitcoin Depot. The SEC filings referenced in Paragraph 10 of the Complaint speak for themselves and, therefore, Bitcoin Depot

---

[2] For ease of reference, Bitcoin Depot refers to Cash Cloud, Inc., DBA Coin Cloud's ("Plaintiff" or "Cash Cloud") headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

[3] *See* n.1.

- 2 -

denies any allegations in Paragraph 10 inconsistent with or not set forth in the SEC filings. Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same.

## BRIEF NATURE OF ACTION

11.    Admitted that Bitcoin Depot operates digital currency ATM kiosks placed in retail stores for use by consumers and is a direct competitor of Cash Cloud. Bitcoin Depot denies the remaining allegations of Paragraph 11.

12.    Denied.

13.    Denied.

14.    Denied.

## GENERAL ALLEGATIONS

**Debtor's Bankruptcy Filing**

15.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the same.

16.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies the same.

17.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the same.

**Cash Cloud's Business**

18.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same.

19.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same.

15482-01/3045807.docx

20. Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same.

21. Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same.

**The Parties are Direct Competitors**

22. Admitted that Bitcoin Depot operates digital currency ATM kiosks placed in retail stores for use by consumers in some geographic markets shared by Cash Cloud. Bitcoin Depot denies the remaining allegations of Paragraph 22.

23. Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies the same.

**The Cash Cloud-BitAccess Purchase Agreements**

24. Admitted that there is a written contract between Cash Cloud and BitAccess titled "BitAccess Master Purchase Agreement" dated September 4, 2015 attached as Exhibit 1 (the "2015 Purchase Agreement"). Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint and, therefore, denies the same.

25. The 2015 Purchase Agreement referenced in Paragraph 25 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 25 inconsistent with or not set forth in the 2015 Purchase Agreement.

26. Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies the same.

27. The 2015 Purchase Agreement referenced in Paragraph 27 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 27 inconsistent with or not set forth in the 2015 Purchase Agreement.

15482-01/3045807.docx

28.     The 2015 Purchase Agreement referenced in Paragraph 28 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 28 inconsistent with or not set forth in the 2015 Purchase Agreement. Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint and, therefore, denies the same.

29.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, denies the same.

30.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies the same.

31.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, denies the same.

32.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, denies the same.

33.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, denies the same.

34.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, denies the same.

35.     Admitted that there is a written contract between Cash Cloud and BitAccess titled "BitAccess Master Purchase Agreement" dated January 23, 2020 attached as Exhibit 2 (the "2020 Purchase Agreement"). Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint and, therefore, denies the same.

15482-01/3045807.docx

36. The 2020 Purchase Agreement referenced in Paragraph 36 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 25 inconsistent with or not set forth in the 2020 Purchase Agreement.

37. Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and, therefore, denies the same.

38. The 2015 Purchase Agreement and the 2020 Purchase Agreement referenced in Paragraph 38 of the Complaint speak for themselves and, therefore, Bitcoin Depot denies any allegations in Paragraph 38 inconsistent with or not set forth in the 2015 Purchase Agreement or the 2020 Purchase Agreement.

39. The 2020 Purchase Agreement referenced in Paragraph 39 of the Complaint, including subparts (a) – (e), speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 39, including subparts (a) – (e), inconsistent with or not set forth in the 2020 Purchase Agreement.

40. Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and, therefore, denies the same.

**BitAccess' Purported Termination of the 2020 Purchase Agreement**

41. Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and, therefore, denies the same.

42. The email referenced in Paragraph 42 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 42 inconsistent with or not set forth in the email.

43. The letter discussed and quoted in Paragraph 43 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 43 inconsistent with or not set forth in the letter.

- 6 -

44.     The letter discussed in Paragraph 44 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 44 inconsistent with or not set forth in the letter.

45.     The email referenced in Paragraph 45 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 45 inconsistent with or not set forth in the email.

46.     The email referenced in Paragraph 46 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 46 inconsistent with or not set forth in the email.

47.     The email discussed in Paragraph 47 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 47 inconsistent with or not set forth in the email.

**The Canadian Litigation**

48.     The communications referenced in Paragraph 48 of the Complaint speak for themselves and, therefore, Bitcoin Depot denies any allegations in Paragraph 48 inconsistent with or not set forth in the communications.

49.     The Notice of Application referenced in Paragraph 49 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 49 inconsistent with or not set forth in the Notice of Application.

50.     The Notice of Arbitration referenced in Paragraph 50 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 50 inconsistent with or not set forth in the Notice of Arbitration.

51.     The briefings referenced in Paragraph 51 of the Complaint speak for themselves and, therefore, Bitcoin Depot denies any allegations in Paragraph 51 inconsistent with or not set forth in the briefings.

52.     Admitted a hearing was held in the Canadian Litigation on August 18, 2022, which was presided over by Justice Jaye Hooper.

53.     Denied.

54. Denied.

55. Denied.

56. Denied.

**Defendant's Acquisition of BitAccess**

57. Admitted that Bitcoin Depot operates a network of approximately 6,400 cryptocurrency kiosks throughout the United States and Canada. Bitcoin Depot denies the remaining allegations of Paragraph 57.

58. Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint as to any representations of BitAccess's Canadian counsel and, therefore, denies the same. Bitcoin Depot acquired an ownership interest in BitAccess in 2021. Bitcoin Depot denies the remaining allegations of Paragraph 58.

59. The Form 8-K discussed in Paragraph 59 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 59 inconsistent with or not set forth in the Form 8-K.

60. The Form 8-K discussed in Paragraph 60 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 60 inconsistent with or not set forth in the Form 8-K.

61. The Form 8-K discussed in Paragraph 61 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 61 inconsistent with or not set forth in the Form 8-K.

62. The Form 8-K discussed in Paragraph 62 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 62 inconsistent with or not set forth in the Form 8-K.

63. The Form 8-K discussed and quoted in Paragraph 63 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 63 inconsistent with or not set forth in the Form 8-K.

HOLLEY DRIGGS

64.    The Form 8-K discussed and quoted in Paragraph 64 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 64 inconsistent with or not set forth in the Form 8-K.

65.    Denied.

66.    Denied.

**Defendant Hijacks Control over the BitAccess Software and Deactivates**

**Cash Cloud's Access to the Licensed Software**

67.    Admitted that the Licensed Software was deactivated on August 30, 2022, and restored on September 1, 2022, a period of fewer than 48 hours. Bitcoin Depot denies the remaining allegations of Paragraph 67.

68.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and, therefore, denies the same.

69.    The email quoted in Paragraph 69 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 69 inconsistent with or not set forth in the email.

70.    The letter quoted in Paragraph 70 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 70 inconsistent with or not set forth in the letter.

71.    Admitted that Exhibit 4 is a letter from Peter Mantas to the Canadian Court dated August 31, 2022. Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71 of the Complaint and, therefore, denies the same.

72.    Denied.

**Defendant's Interference with the 2020 Purchase Agreement and Deactivation**

**of the Licensed Software Damaged Cash Cloud**

73.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint and, therefore, denies the same.

74.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint regarding the "sudden shutdown" of Cash Cloud's ability or inability to process Kiosk transactions and, therefore, denies the same. Bitcoin Depot denies the remaining allegations of Paragraph 74.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and, therefore, denies the same.

**Defendant Makes False and Misleading Statements in Attempts to Poach Hosts**

79.     Denied.

80.     Denied.

81.     The email quoted in Paragraph 81 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 81 inconsistent with or not set forth in the email. Bitcoin Depot denies any remaining allegations in Paragraph 81 of the Complaint.

82.     The email quoted in Paragraph 82 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 82 inconsistent with or not set forth in the email. Bitcoin Depot denies the remaining allegations in Paragraph 82 of the Complaint.

83.     The email quoted in Paragraph 83 of the Complaint speaks for itself and, therefore, Bitcoin Depot denies any allegations in Paragraph 83 inconsistent with or not set forth in the email. Bitcoin Depot denies any remaining allegations in Paragraph 83 of the Complaint.

84.     Denied.

85.     Denied.

**Trademark Infringement**

86.     Denied.

87.     Denied.

88.     Denied.

- 10 -

89.     Denied.

## FIRST CLAIM FOR RELIEF

### (Temporary Restraining Order and Preliminary Injunctive Relief)

90.     Bitcoin Depot reincorporates its responses to Paragraphs 1 – 89 as if fully set forth herein.

91.     Pursuant to the November 17, 2023 Order on Defendant Lux Vending, LLC d/b/a Bitcoin Depot's Motion to Dismiss Plaintiff's Complaint (the "Order") (ECF No. 54), Plaintiff's First Claim for Relief was dismissed. To the extent that allegations set forth in Paragraph 91 are construed as factual allegations to which a response is required, the factual allegations are denied.

92.     Pursuant to the Order, Plaintiff's First Claim for Relief was dismissed. To the extent that allegations set forth in Paragraph 92 are construed as factual allegations to which a response is required, the factual allegations are denied.

93.     Pursuant to the Order, Plaintiff's First Claim for Relief was dismissed. To the extent that allegations set forth in Paragraph 93 are construed as factual allegations to which a response is required, the factual allegations are denied.

94.     Pursuant to the Order, Plaintiff's First Claim for Relief was dismissed. To the extent that allegations set forth in Paragraph 94 are construed as factual allegations to which a response is required, the factual allegations are denied.

95.     Pursuant to the Order, Plaintiff's First Claim for Relief was dismissed. To the extent that allegations set forth in Paragraph 95 are construed as factual allegations to which a response is required, the factual allegations are denied.

## SECOND CLAIM FOR RELIEF

### (Violation of Automatic Stay, 11 U.S.C. § 362)

96.     Bitcoin Depot reincorporates its responses to Paragraphs 1 – 95 as if fully set forth herein.

97.     Pursuant to the Order, Plaintiff's Second Claim for Relief was dismissed. To the extent that allegations set forth in Paragraph 97 are construed as factual allegations to which a response is required, the factual allegations are denied.

- 11 -

15482-01/3045807.docx

98.    Pursuant to the Order, Plaintiff's Second Claim for Relief was dismissed. To the extent that allegations set forth in Paragraph 98 are construed as factual allegations to which a response is required, the factual allegations are denied.

99.    Pursuant to the Order, Plaintiff's Second Claim for Relief was dismissed. To the extent that allegations set forth in Paragraph 99 are construed as factual allegations to which a response is required, the factual allegations are denied.

100.    Pursuant to the Order, Plaintiff's Second Claim for Relief was dismissed. To the extent that allegations set forth in Paragraph 100 are construed as factual allegations to which a response is required, the factual allegations are denied.

### THIRD CLAIM FOR RELIEF

### (Violation of Lanham Act, 15 U.S.C. § 1125)

101.    Bitcoin Depot reincorporates its responses to Paragraphs 1 – 100 as if fully set forth herein.

102.    The allegations set forth in Paragraph 102 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 102 are construed as factual allegations to which a response is required, the factual allegations are denied.

103.    The allegations set forth in Paragraph 103 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 103 are construed as factual allegations to which a response is required, the factual allegations are denied.

104.    The allegations set forth in Paragraph 104 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 104 are construed as factual allegations to which a response is required, the factual allegations are denied.

105.    The allegations set forth in Paragraph 105 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 105 are construed as factual allegations to which a response is required, the factual allegations are denied.

106.    The allegations set forth in Paragraph 106 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 106 are construed as factual allegations to which a response is required, the factual allegations are denied.

- 12 -

HOLLEY DRIGGS

107.    The allegations set forth in Paragraph 107 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 107 are construed as factual allegations to which a response is required, the factual allegations are denied.

108.    The allegations set forth in Paragraph 108 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 108 are construed as factual allegations to which a response is required, the factual allegations are denied.

109.    The allegations set forth in Paragraph 109 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 109 are construed as factual allegations to which a response is required, the factual allegations are denied.

110.    The allegations set forth in Paragraph 110 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 110 are construed as factual allegations to which a response is required, the factual allegations are denied.

111.    The allegations set forth in Paragraph 111 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 111 are construed as factual allegations to which a response is required, the factual allegations are denied.

112.    The allegations set forth in Paragraph 112 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 112 are construed as factual allegations to which a response is required, the factual allegations are denied.

113.    The allegations set forth in Paragraph 113 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 113 are construed as factual allegations to which a response is required, the factual allegations are denied.

## FOURTH CLAIM FOR RELIEF

### (Consumer Fraud/Deceptive Trade Practices)

114.    Bitcoin Depot reincorporates its responses to Paragraphs 1 – 113 as if fully set forth herein.

115.    The allegations set forth in Paragraph 115, including subparts (a)-(b), are conclusions of law to which no response is required. To the extent that allegations set forth in

Paragraph 115 and its subparts are construed as factual allegations to which a response is required, the factual allegations are denied.

116.    The allegations set forth in Paragraph 116 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 116 are construed as factual allegations to which a response is required, the factual allegations are denied.

117.    The allegations set forth in Paragraph 117 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 117 are construed as factual allegations to which a response is required, the factual allegations are denied.

118.    The allegations set forth in Paragraph 118 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 118 are construed as factual allegations to which a response is required, the factual allegations are denied.

119.    The allegations set forth in Paragraph 119 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 119 are construed as factual allegations to which a response is required, the factual allegations are denied.

120.    The allegations set forth in Paragraph 120 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 120 are construed as factual allegations to which a response is required, the factual allegations are denied.

### FIFTH CLAIM FOR RELIEF

### (Tortious Interference with Contract – Host Agreements)

121.    Bitcoin Depot reincorporates its responses to Paragraphs 1 – 120 as if fully set forth herein.

122.    The allegations set forth in Paragraph 122 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 122 are construed as factual allegations to which a response is required, the factual allegations are denied.

123.    The allegations set forth in Paragraph 123 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 123 are construed as factual allegations to which a response is required, the factual allegations are denied.

15482-01/3045807.docx

124.     The allegations set forth in Paragraph 124 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 124 are construed as factual allegations to which a response is required, the factual allegations are denied.

125.     The allegations set forth in Paragraph 125 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 125 are construed as factual allegations to which a response is required, the factual allegations are denied.

126.     The allegations set forth in Paragraph 126 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 126 are construed as factual allegations to which a response is required, the factual allegations are denied.

127.     The allegations set forth in Paragraph 127 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 127 are construed as factual allegations to which a response is required, the factual allegations are denied.

128.     The allegations set forth in Paragraph 128 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 128 are construed as factual allegations to which a response is required, the factual allegations are denied.

**SIXTH CLAIM FOR RELIEF**

**(Tortious Interference with Contract – 2020 Purchase Agreement)**

129.     Bitcoin Depot reincorporates its responses to Paragraphs 1 – 128 as if fully set forth herein.

130.     The allegations set forth in Paragraph 130 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 130 are construed as factual allegations to which a response is required, the factual allegations are denied.

131.     The allegations set forth in Paragraph 131 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 131 are construed as factual allegations to which a response is required, the factual allegations are denied.

132.     The allegations set forth in Paragraph 132 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 132 are construed as factual allegations to which a response is required, the factual allegations are denied.

- 15 -

15482-01/3045807.docx

133.    The allegations set forth in Paragraph 133 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 133 are construed as factual allegations to which a response is required, the factual allegations are denied.

134.    The allegations set forth in Paragraph 134 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 134 are construed as factual allegations to which a response is required, the factual allegations are denied.

135.    The allegations set forth in Paragraph 135 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 135 are construed as factual allegations to which a response is required, the factual allegations are denied.

136.    The allegations set forth in Paragraph 136 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 136 are construed as factual allegations to which a response is required, the factual allegations are denied.

## SEVENTH CLAIM FOR RELIEF

### (Intentional Interference with Prospective Business Relations)

137.    Bitcoin Depot reincorporates its responses to Paragraphs 1 – 136 as if fully set forth herein.

138.    The allegations set forth in Paragraph 138 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 138 are construed as factual allegations to which a response is required, the factual allegations are denied.

139.    The allegations set forth in Paragraph 139 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 139 are construed as factual allegations to which a response is required, the factual allegations are denied.

140.    The allegations set forth in Paragraph 140 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 140 are construed as factual allegations to which a response is required, the factual allegations are denied.

141.    The allegations set forth in Paragraph 141 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 141 are construed as factual allegations to which a response is required, the factual allegations are denied.

15482-01/3045807.docx

142.    The allegations set forth in Paragraph 142 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 142 are construed as factual allegations to which a response is required, the factual allegations are denied.

143.    The allegations set forth in Paragraph 143 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 143 are construed as factual allegations to which a response is required, the factual allegations are denied.

144.    The allegations set forth in Paragraph 144 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 144 are construed as factual allegations to which a response is required, the factual allegations are denied.

145.    The allegations set forth in Paragraph 145 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 145 are construed as factual allegations to which a response is required, the factual allegations are denied.

## EIGHTH CLAIM FOR RELIEF

### (Injurious Falsehoods)

146.    Bitcoin Depot reincorporates its responses to Paragraphs 1 – 145 as if fully set forth herein.

147.    The allegations set forth in Paragraph 147 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 147 are construed as factual allegations to which a response is required, the factual allegations are denied.

148.    The allegations set forth in Paragraph 148 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 148 are construed as factual allegations to which a response is required, the factual allegations are denied.

149.    The allegations set forth in Paragraph 149 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 149 are construed as factual allegations to which a response is required, the factual allegations are denied.

150.    The allegations set forth in Paragraph 150 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 150 are construed as factual allegations to which a response is required, the factual allegations are denied.

15482-01/3045807.docx

151.    The allegations set forth in Paragraph 151 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 151 are construed as factual allegations to which a response is required, the factual allegations are denied.

152.    The allegations set forth in Paragraph 152 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 152 are construed as factual allegations to which a response is required, the factual allegations are denied.

## NINTH CLAIM FOR RELIEF

### (Defamation)

153.    Bitcoin Depot reincorporates its responses to Paragraphs 1 – 152 as if fully set forth herein.

154.    The allegations set forth in Paragraph 154 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 154 are construed as factual allegations to which a response is required, the factual allegations are denied.

155.    The allegations set forth in Paragraph 155 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 155 are construed as factual allegations to which a response is required, the factual allegations are denied.

156.    The allegations set forth in Paragraph 156 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 156 are construed as factual allegations to which a response is required, the factual allegations are denied.

157.    The allegations set forth in Paragraph 157 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 157 are construed as factual allegations to which a response is required, the factual allegations are denied.

158.    The allegations set forth in Paragraph 158 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 158 are construed as factual allegations to which a response is required, the factual allegations are denied.

159.    The allegations set forth in Paragraph 159 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 159 are construed as factual allegations to which a response is required, the factual allegations are denied.

15482-01/3045807.docx

HOLLEY DRIGGS

160.    The allegations set forth in Paragraph 160 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 160 are construed as factual allegations to which a response is required, the factual allegations are denied.

161.    The allegations set forth in Paragraph 161 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 161 are construed as factual allegations to which a response is required, the factual allegations are denied.

162.    The allegations set forth in Paragraph 162 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 162 are construed as factual allegations to which a response is required, the factual allegations are denied.

163.    The allegations set forth in Paragraph 163 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 163 are construed as factual allegations to which a response is required, the factual allegations are denied.

The allegations contained in Plaintiff's Prayer For Relief require no response. To the extent that allegations set forth in the Plaintiff's Prayer for Relief are construed as factual allegations to which a response is required, Bitcoin Depot denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Each and every allegation not heretofore expressly admitted is denied. Without admitting any fact alleged by Plaintiff, Bitcoin Depot sets forth the following separate defenses and reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims if their existence is established through discovery or investigation.

## FIRST AFFIRMATIVE DEFENSE

Cash Cloud's claims in Count III are barred by the doctrine of waiver.

## SECOND AFFIRMATIVE DEFENSE

Cash Cloud should not be allowed to recover on Count III of Plaintiff's Complaint because Cash Cloud has unclean hands. Purchasing advertising keywords related to a competitor is common in the digital currency ATM industry. Upon information and belief, Cash Cloud used keyword advertising referring to Bitcoin Depot in the same manner that Bitcoin Depot is alleged

- 19 -

to have done. To the extent it is proven that Bitcoin Depot's use of keyword advertising was wrongful, Cash Cloud's use of the same advertising techniques is also wrongful.

### THIRD AFFIRMATIVE DEFENSE

Cash Cloud's claims are barred because any purported harm it may have suffered was caused by acts of third parties over whom Bitcoin Depot has no control.

### FOURTH AFFIRMATIVE DEFENSE

Cash Cloud's claims are barred, in whole or in part, because Cash Cloud failed to mitigate its damages.

### FIFTH AFFIRMATIVE DEFENSE

Cash Cloud's claims for infringement and unfair competition are barred under the doctrine of fair use. Plaintiff mischaracterizes the inclusion of a keyword from a web search into a sponsored advertisement on a search engine, such as Google AdWords, as a willful act of trademark infringement and unfair competition. The automated inclusion of a consumer-generated keyword into a sponsored advertisement is permitted as fair use. The advertisement allegedly returned by Google expressly identified the advertisement as a "Sponsored" listing and clearly stated that the website being visited was actually a page by Bitcoin Depot, and did nothing to suggest sponsorship or endorsement. The use of keyword advertising and the display of search terms in sponsored advertisements to present competitive choices is fair use.

### SIXTH AFFIRMATIVE DEFENSE

Bitcoin Depot's actions were taken in good faith, in reliance upon information provided by its vendors and others, and with a reasonable belief that such actions were reasonable and appropriate. The conduct alleged to violate the Lanham Act or common law, if any such conduct occurred, was purely unintentional, and occurred, if at all, despite Bitcoin Depot's reasonable and appropriate efforts to avoid any such violation.

### SEVENTH AFFIRMATIVE DEFENSE

Cash Cloud's claims are barred by the doctrine of laches and acquiescence.

HOLLEY DRIGGS

- 20 -

15482-01/3045807.docx

**HOLLEY DRIGGS**

**EIGHTH AFFIRMATIVE DEFENSE**

Bitcoin Depot is not responsible for Cash Cloud's harm, if any, because Bitcoin Depot's statements about Cash Cloud were true.

**NINTH AFFIRMATIVE DEFENSE**

Bitcoin Depot is not responsible for Cash Cloud's harm, if any, because Bitcoin Depot's statements about Cash Cloud were opinions.

**TENTH AFFIRMATIVE DEFENSE**

Bitcoin Depot is not responsible for Cash Cloud's harm, if any, pursuant to the innocent-construction rule.

**ELEVENTH AFFIRMATIVE DEFENSE**

Cash Cloud's claims are barred, in whole or in part, because Cash Cloud cannot prove that Bitcoin Depot's actions caused harm to their business relationships or contracts.

**TWELFTH AFFIRMATIVE DEFENSE**

Cash Cloud's claims are barred, in whole or in part, because Bitcoin Depot's actions amount to lawful competition that cannot be considered tortious.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Cash Cloud's claims are barred, in whole or in part, because Bitcoin Depot lacked knowledge of the contract.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Any damages suffered by Cash Cloud, if any, were not the direct or proximate result of Bitcoin Depot's actions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Cash Cloud's claims are barred because the Complaint fails to state a claim upon which relief can be granted.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Cash Cloud has not suffered any damages arising from Bitcoin Depot's conduct.

- 21 -

15482-01/3045807.docx

HOLLEY DRIGGS

1

**SEVENTEENTH AFFIRMATIVE DEFENSE**

2    Cash Cloud is not entitled to statutory damages and/or attorney's fees as claimed in the

3    Complaint.

4    **EIGTEENTH AFFIRMATIVE DEFENSE**

5    Cash Cloud's Complaint fails to state facts sufficient to justify an award of punitive

6    damages.

7    **NINETEENTH AFFIRMATIVE DEFENSE**

8    Cash Cloud is not entitled to the relief it seeks because it is barred, in whole or in part, as

9    a result of Cash Cloud's intentional, willful, and/or negligent actions or omissions.

10    **TWENTIETH AFFIRMATIVE DEFENSE**

11    Cash Cloud is not entitled to the relief it seeks because it is barred, in whole or in part, due

12    to the actions of its now former President, Chief Executive Officer, and Chairman of the Board,

13    Christopher McAlary, including but not limited to the actions detailed in the Complaint of the

14    Official Committee of Unsecured Creditors of Cash Cloud, Inc. dba Coin Cloud against Mr.

15    McAlary, Case 23-01125-mkn.

16    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

17    Bitcoin Depot is not liable for violation of Nevada statutory or common law, as alleged in

18    Count IV of Plaintiff's Complaint, for want of performing any action constituting a deceptive trade

19    practice under Nevada statutory or common law.

20    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

21    Cash Cloud is not entitled to the relief it seeks under Count IV of its Complaint, including

22    but not limited to NRS Chapter 598 not applying extraterritorially.

23    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

24    Cash Cloud is not entitled to the relief it seeks under Count IV of its Complaint, as the

25    Nevada Deceptive Trade Practices Act "generally provides for a public cause of action for

26    deceptive trade practices." *Nev. Power Co. v. Eighth Judicial Dist. Court*, 120 Nev. 948, 102 P.3d

27    578, 583 n. 7 (2004). Under NRS 41.600, however, a private cause of action is conferred only on

28

- 22 -

a "person who is a victim of consumer fraud … [which includes] … a deceptive trade practice as defined in NRS 598.0915 to 598 .0925, inclusive." *Id.* (citing NRS 41.600(2)(d)).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Cash Cloud is not entitled to any damages whatsoever, including but not limited to consequential, punitive, and/or treble damages as claimed in the Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

It has been necessary for Bitcoin Depot to employ the services of attorneys to defend this Complaint, and Bitcoin Depot should be awarded its attorney's fees, together with the costs expended in this action.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Cash Cloud is not entitled to relief on the claims set forth in its Complaint due to its unclean hands, laches, waiver, estoppel, and its inequitable conduct.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As and for Bitcoin Depot's twenty-sixth affirmative defense, Bitcoin Depot reserves the right to amend this answer to assert additional affirmative defenses as warranted by discovery and further investigation to which other affirmative defenses may apply.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 23 -

WHEREFORE, Bitcoin Depot prays as follows:

1.      That Cash Cloud take nothing by way of its Complaint;

2.      That Cash Cloud's Complaint be dismissed with prejudice;

3.      For Bitcoin Depot's attorney's fees and costs incurred in defending against this action; and

4.      For such other relief as the Court deems just and proper.

DATED this 1st day of December 2023.

HOLLEY DRIGGS

  /s/ Stacy H. Rubin
Stacy H. Rubin, Esq.
Nevada Bar No. 9298
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101

CARLTON FIELDS, P.A.
Adam P. Schwartz, Esq.
(Admitted *Pro Hac Vice*)
John J. Lamoureux, Esq.
(Admitted *Pro Hac Vice*)
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607-5780

*Attorneys for Lux Vending, LLC*
*d/b/a Bitcoin Depot*

15482-01/3045807.docx

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Holley Driggs and that, on the 1st day of December 2023, I caused to be served a true and correct copy of DEFENDANT LUX VENDING, LLC D/B/A BITCOIN DEPOT'S ANSWER AND AFFIRMATIVE DEFENSES in the following manner:

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) By serving a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those listed on the attached service list, and on the date above written.

 /s/ Olivia Swibies
An employee of Holley Driggs