CARLTON FIELDS, P.A.
Adam Schwartz, Esq. (Admitted *Pro Hac Vice*)
Email: aschwartz@carltonfields.com
John J. Lamoureux, Esq. (Admitted *Pro Hac Vice*)
Email: jlamoureux@carltonfields.com
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607-5780
Telephone: 813.223.7000
Facsimile: 813.229.4133

HOLLEY DRIGGS
Stacy H. Rubin, Esq. (NV Bar No. 9298)
Email: srubin@nevadafirm.com
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912

*Attorneys for Lux Vending, LLC d/b/a Bitcoin Depot*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC., DBA COIN CLOUD,<br><br>Debtor. | Case No. 23-10423-MKN<br>Chapter 11 |
| CASH CLOUD, INC., DBA COIN CLOUD,<br><br>Plaintiff,<br><br>v.<br><br>LUX VENDING, LLC d/b/a BITCOIN DEPOT,<br><br>Defendant. | Adv. No. 23-01015-MKN<br><br>REPLY IN SUPPORT OF DEFENDANT LUX VENDING, LLC D/B/A BITCOIN DEPOT'S MOTION TO COMPEL COMPLETE AND NON-EVASIVE ANSWERS TO FIRST SET OF INTERROGATORIES<br><br>Date of Hearing:    May 22, 2024<br>Time of Hearing:    9:30 a.m.<br><br>Judge: Hon. Mike K. Nakagawa |

Defendant Lux Vending, LLC d/b/a Bitcoin Depot ("Bitcoin Depot"), by and through counsel Adam P. Schwartz and John J. Lamoureux of the law firm Carlton Fields, P.A., and Stacy H. Rubin of the law firm Holley Driggs, files the following Reply in Support of its Motion To Compel Complete And Non-Evasive Answers To First Set Of Interrogatories to Plaintiff (the "Motion").

3144005_2.docx

## I. PRELIMINARY STATEMENT

In the Motion, Bitcoin Depot established that (i) Plaintiff's General Objections should be rejected and (ii) Plaintiff's responses to Interrogatory Nos. 6–11 and 13 remain incomplete and insufficient. In Plaintiff Cash Cloud Inc.'s Response in Opposition to Defendant Lux Vending, LLC dba Bitcoin Depot's Motion to Compel Complete and Non-Evasive Answers to First Set of Interrogatories (ECF No. 80) (the "Response"), Plaintiff adopts the position that Bitcoin Depot "refuses to acknowledge that Plaintiff is in bankruptcy"[1] and Plaintiff's interrogatory responses "contain all of the information that Cash Cloud now possesses." ECF No. 80 at 4. Plaintiff argues that it has made a reasonable investigation and identified third-party former employees that may have information related to the subject matter of the Complaint. *Id.*

In short, Plaintiff's Response does not change the outcome established in Bitcoin Depot's Motion. Plaintiff failed to meet its discovery obligations and should be compelled to withdraw its objections and respond in full to Interrogatory Nos. 6–11 and 13 with the information available to Plaintiff when its Complaint was filed and with the information that Plaintiff subsequently learned through its reasonable investigation.

---

[1] Plaintiff's various attempts to discredit Bitcoin Depot using inflammatory descriptions, such as a purported "failure" to acknowledge Plaintiff's bankruptcy, "ambushing" Plaintiff by presenting arguments as to Plaintiff's general or specific objections for the first time in its Motion to Compel, and failing to produce any documents to-date, are absurd. Plaintiff's bankruptcy status does not excuse Plaintiff's discovery obligations. *See Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1210–11 (8th Cir. 1973) (finding that a corporation failed to demonstrate that it lacked sufficient corporate knowledge to answer interrogatories because the corporation was "duty bound to secure all information available [to the corporation, which] would include information within the personal knowledge of former [] employees, employed by [the corporation] at the time this action commenced" and further finding that "all information available to it" would include information within the possession of its counsel). Moreover, Bitcoin Depot specifically included the offer in Instruction No. 7 of its Interrogatories to Plaintiff to resolve or discuss any issues relating to "vague, confusing, or hard to understand" requests before responding to the Interrogatories (*see* ECF No. 76 at 9). Plaintiff nonetheless included boilerplate, generalized, conclusory, and speculative objections in its responses to Bitcoin Depot's Interrogatories. Further, documents have not been exchanged because the parties are unable to come to an agreement as to an ESI protocol that would govern the production of ESI because Plaintiff refuses to pay for an e-discovery solution that would allow the implementation of an ESI protocol. That refusal is delaying the progress of the case and will continue to do so until Plaintiff agrees to obtain an e-discovery solution.

- 2 -

## II. ARGUMENT

**A. Plaintiff Cannot Hide Behind a Purported "Lack of Corporate Knowledge" to Escape its Discovery Obligations.**

Plaintiff argues that "[s]ince at least January 1, 2024, Cash Cloud has had only two employees" and that "[o]n February 7, 2023, Cash Cloud declared bankruptcy." ECF No. 80 at 4. Plaintiff further states that "[n]either of those [two] employees [was] a percipient witness to the facts alleged in Cash Cloud's Complaint." *Id.* at 4-5. Plaintiff contends that it has met its discovery obligations by identifying one former Cash Cloud employee in its Initial Disclosures and three additional former employees in response to Interrogatory No. 1 of Bitcoin Depot's First Set of Interrogatories to Plaintiff and Debtor Cash Cloud. *See* ECF No. 80 at 5-6. Yet these arguments underscore the very issue Bitcoin Depot's Motion raises—Plaintiff attempts to shift its discovery burden to Bitcoin Depot.

Plaintiff's Complaint was signed and filed on March 10, 2023, two months after the alleged departure "of nearly every single one of [Cash Cloud's] former officers, directors, and employees" and one month after filing for bankruptcy. *See* ECF No. 1 at 25; ECF No. 80 at 5. Plaintiff's Response does not explain why Plaintiff had sufficient corporate knowledge to file a Complaint against Bitcoin Depot in March 2023; but, only now, Plaintiff purportedly "no longer has corporate knowledge of the many facts … alleged in the Complaint." Plaintiff cannot have it both ways.

A party is obligated to respond fully to interrogatory requests. *Shaw v. Davis*, No. 3:18-CV-0551-MMD-CLB, 2021 WL 3889980, at *3 (D. Nev. Aug. 31, 2021). Plaintiff has failed to do so. In its Response, Plaintiff hides behind a purported "lack of corporate knowledge," that prejudices Bitcoin Depot's ability to prepare its defense. Accordingly, Plaintiff should be compelled to respond fully to Interrogatory Nos. 6–11 and 13.

**B. Plaintiff's Responses to Interrogatory Nos. 6–11 and 13 are Incomplete and Insufficient.**

Plaintiff is obligated to inform Bitcoin Depot of the basis for its allegations and identify the source(s) of information at the time Plaintiff made the allegations on March 10, 2023. *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997)

1  (requiring plaintiff to provide answers to interrogatories based on the information it has to date
2  and finding such answers are consistent with Rule 11's requirement that plaintiffs must have some
3  factual basis for the allegations in their complaint). The Response merely reinforces Plaintiff's
4  attempt to shift its discovery obligations to Bitcoin Depot to search for, locate, and ask Plaintiff's
5  former employees whether they might have information about the basis for Plaintiff's allegations
6  and claims. *See* ECF No. 80 at 7-10, 12-15 (contending that Cash Cloud has no further discovery
7  obligation as to Bitcoin Depot's interrogatory requests and, instead, Bitcoin Depot should serve
8  third parties with subpoenas or other third-party discovery to identify the basis for Cash Cloud's
9  allegations).

10  The Response states that Plaintiff "answered [the] interrogator[ies at issue] to the best of
11  its current ability," *see, e.g.*, ECF No. 80 at 9; but, Plaintiff fails to provide any information that
12  *was* within its "corporate knowledge" on March 10, 2023, and further fails to offer any explanation
13  or description of any reasonable effort to search for relevant information following its March 10,
14  2023 filing. *See Shaw*, 2021 WL 3889980, at *3 (requiring a responding party to "conduct a search
15  for relevant information and must answer interrogatories after a diligent search"); *United States ex
16  rel. O'Connell v. Chapman U.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) (noting that "Rule 11 requires
17  plaintiffs to have a basis for their allegations in the complaint, and contention interrogatories seek
18  information about that basis;[] thus, an objection that discovery has only just begun makes no sense
19  at all") (internal quotations removed); *Gen. Dynamics Corp.,* 481 F.2d at 1210–11 (rejecting
20  insufficient interrogatory responses because a corporation must "secure all information available
21  [to the corporation, which] would include information within the personal knowledge of former []
22  employees, employed by [the corporation] at the time this action commenced").

23  Moreover, Plaintiff's initial disclosures are not a substitute for responding to written
24  discovery. Remarkably, Plaintiff argues that its responses to Bitcoin Depot's requests as to specific
25  facts and circumstances raised in the Complaint are sufficiently answered by identifying a single
26  former employee in its Initial Disclosures, which merely note that the former employee, Mr.

- 4 -

McAlary,[2] is "expected to render testimony regarding the facts and circumstances surrounding the subject matter of this litigation." ECF No. 80-2 at 3. This does not clarify whether Mr. McAlary knows or has the specific information requested in Interrogatory Nos. 6–11 and 13.

Plaintiff further points to its response to Interrogatory No. 1, which identifies Mr. McAlary as the former CEO and Chairman of the Board and identifies three additional former employees, noting that one "was an officer and director of Plaintiff," one "handled technology matters for Plaintiff," and one "was in charge of sales for Plaintiff." ECF No. 80 at 6; 80-4 at 4–5. But Plaintiff's mere identification of these former employees and their roles offers no information as to which former employee has knowledge of the specific facts and circumstances requested in Interrogatory Nos. 6–11 or 13.

As discussed in the Motion, Interrogatory No. 6 seeks to determine how many times and when Plaintiff searched for and generated a Google advertisement as displayed on page 16 of the Complaint. This information is relevant to Plaintiff's claim for trademark infringement under the Lanham Act. Through Interrogatory No. 7, Bitcoin Depot seeks to narrow Plaintiff's Complaint allegations and obtain Plaintiff's position on specific contract obligations and conduct regarding an alleged breach of the 2020 Purchase Agreement. With Interrogatory No. 8, Bitcoin Depot seeks to gather foundational information about potential key witnesses who have specific knowledge about certain contracts, relationships with Plaintiff, and other documents and evidence regarding such contracts, relationships, and any purported interference with the same. Through Interrogatory No. 9, Bitcoin Depot seeks to obtain Plaintiff's position on specific contract obligations and conduct regarding alleged breaches of kiosk host agreements. Through Interrogatory No. 10, Bitcoin Depot seeks to gather foundational information about Plaintiff's relationships with its kiosk hosts and key terms of Plaintiff's contracts with its kiosk hosts. With Interrogatory No. 11, Bitcoin Depot seeks to obtain Plaintiff's position on specific contract obligations and conduct regarding alleged interference with new customer agreements. The information requested in

---

[2] As this Court is aware, the Official Committee of Unsecured Creditors of Cash Cloud Inc. dba Coin Cloud filed a complaint against Mr. McAlary, on September 1, 2023 (ECF No. 1161), alleging more than $20 million in damages against Mr. McAlary for alleged fraudulent conduct before and during the bankruptcy proceedings.

- 5 -

Interrogatory Nos. 8–11 is relevant to Plaintiff's various claims for tortious interference. Through Interrogatory No. 13, Bitcoin Depot seeks the keywords used by Plaintiff in their marketing efforts, including sponsored advertising, which is relevant to Bitcoin Depot's Second Affirmative Defense.

Plaintiff's responses fail to completely answer these Interrogatories or identify which former employee(s) know(s) these facts. Accordingly, Plaintiff fails to meet its discovery obligations and should be compelled to respond fully to these Interrogatories with the information known to Plaintiff when it filed suit and any further information discovered from its reasonable investigation to date.

### III.  CONCLUSION

Based upon its Motion and the arguments above, Bitcoin Depot requests the Court to compel Plaintiff to withdraw its objections and respond in full to Interrogatory Nos. 6–11 and 13 and grant such other relief as the Court deems proper.

DATED this 15th day of May 2024.

**HOLLEY DRIGGS**

/s/ Stacy H. Rubin
Stacy H. Rubin, Esq.
Nevada Bar No. 9298
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101

CARLTON FIELDS, P.A.
Adam P. Schwartz, Esq.
(Admitted *Pro Hac Vice*)
John J. Lamoureux, Esq.
(Admitted *Pro Hac Vice*)
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607-5780

*Attorneys for Lux Vending, LLC
d/b/a Bitcoin Depot*

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Holley Driggs and that, on the 15th day of May 2024, I caused to be served a true and correct copy of REPLY IN SUPPORT OF DEFENDANT LUX VENDING, LLC D/B/A BITCOIN DEPOT'S MOTION TO COMPEL COMPLETE AND NON-EVASIVE ANSWERS TO FIRST SET OF INTERROGATORIES in the following manner:

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date written above.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date written above.

☐ (FACSIMILE) By serving a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those listed on the attached service list, and on the date written above.

/s/ Olivia Swibies
An employee of Holley Driggs

3144005_2.docx